551 A.2d 683

Chestnut Hill Hospital and Pennsylvania Hospital Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Van Den Bergh), Respondents.

Submitted on briefs October 11, 1988, before Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Kenneth F. DeMarco, Post & Schell, P.C.,* for petitioners.

*Gerard J. Woods, Iovine & Woods, P.C.*, for respondent, Betty Van Den Bergh.

OPINION BY SENIOR JUDGE NARICK, December 27, 1988:

This is an appeal by Chestnut Hill Hospital (Hospital) from a determination of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of benefits. We reverse.

Betty Van Den Bergh (Claimant) was employed by the Hospital as a licensed practical nurse. Her duties for the Hospital included inserting catheters, administering tube feedings, changing dressings and caring for patients with infectious diseases. While at home on August 1, 1980, Claimant sustained a brush burn to the palm of her right hand and this incident caused her hand to bleed. Claimant reported to work as scheduled on August 2, 1980 at 11:00 p.m. and continued to work her regularly scheduled hours until August 11, 1980. Claimant testified that while at home, she did not cover her wound, but while at work she covered it with a bandaid. While at work treating patients, the bandaid would often come off. During the period of time August 2, 1980 through August 11, 1980 Claimant was required to treat at least three patients who had bacterial infections. On or about August 7, 1980, Claimant noticed pain and white spots in the area of her wound. On August 11, 1980 and August 12, 1980, Claimant went to the emergency room of the Hospital for treatment of her wound. On August 12, 1980, claimant was admitted to the Hospital in order to treat an apparent infection of her wound.

Claimant subsequently filed a claim for benefits alleging that she sustained an infection to her right hand while in the course of her employment as a result of her treatment of patients with "staphylococal infections". At

the hearing before the referee, Claimant presented the testimony of Dr. Thomas J. Brobyn and Dr. Jerome Santoro in order to establish the causal link between her infection and her employment.

The referee made the following findings of fact with respect to the medical testimony submitted by Claimant in order to establish the causal link between her infection and her employment:

9. Dr. Brobyn testified, and I believe him and find as fact, that with the record of the other patients that she (claimant) had treated, she (claimant) was at risk to develop what she had much greater than somebody would have outside of the Hospital.

10. Dr. Brobyn testified, and I believe him and find as fact, that if the incidents of contracting the type of infectious disease that the Claimant contracted is substantially greater in the Nursing or Medical-Health Care Occupations than in the general population.

11. Dr. Brobyn testified, and I believe him and find as fact, that there was a greater likelihood of contamination once the scab came off reopening the wound, and that the Claimant was at a greater risk working with people who had known infections.

12. Dr. Santoro testified, and I believe him and find as fact, that the Claimant had a resistant organism that one would probably acquire in the hospital. Further Dr. Santoro testified that the fact that the Claimant spent a large amount of her time in the hospital, a place where micro organisms are much more aboundant [sic] than in the general environment (at least pathogenic micro organisms) would imply to him that there was a good possibility that infection was acquired in the hospital.

13. Considering, in toto, the testimonies of Drs. Brobyn and Santoro the Referee finds that the Claimant contracted the significant bacterial infection which would lead to the Cellutitis [sic] of her right hand, palm and forearm as a result of her employment with the Defendant.

14. As a result of the Cellutitis [sic] of the right hand, palm and forearm, the Claimant was unable to peform her job as a licensed practical nurse from August 12, 1980 up to and including March 2, 1981. Further, that on March 3, 1981, the Claimant returned to work at wages equal to or greater than her pre-injury wage, however, she is still suffering from residuals of the Cellutitis [sic] of the right hand.

The referee awarded benefits to Claimant.[1] The Hospital appealed but the Board affirmed the referee noting that there was general agreement in the medical testimony presented that it was not possible to identify with absolute certainty the source of the infection. The Board further opined that although the medical testimony relied upon by the referee consisted of a series of probabilities and likelihoods which standing alone could not meet the sufficiency test for establishing causation, the cumulative assessment of these probabilities constituted sufficient competent evidence to support an award of benefits. The Hospital petitions this Court for review.

---

[1] The referee initially denied benefits on the basis that Claimant failed to provide the Hospital with notice of her injury as required by the Act. The Board reversed the referee on the matter of notice and remanded to the referee in order to make findings of fact as to what date the Hospital received notice. The referee finding notice to Employer to be timely thereafter awarded benefits to Claimant. The notice issue is not before us.

The essential issue which we must resolve on appeal is whether the testimonies of Claimant's medical witnesses were sufficient to meet Claimant's burden of establishing causation. In reviewing the Board's decision herein our scope of review is a narrow one in that we are confined to a determination of whether there has been a constitutional violation, or an error of law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *see Blue Bell Printing v. Workmen's Compensation Appeal Board (Montgomery Publishing Co.)*, 115 Pa. Commonwealth Ct. 203, 539 A.2d 933 (1988). Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

It is long settled in workmen's compensation cases that when there is no obvious causal connection linking an injury to the work place, unequivocal medical testimony must establish the connection. *May Department Stores v. Workmen's Compensation Appeal Board (Smith)*, 105 Pa. Commonwealth Ct. 580, 525 A.2d 33 (1987). The question of whether medical testimony is equivocal is one of law and as such is reviewable by this Court. *Id.* In conducting our review, we must look to the medical testimony as a whole and not base our final decision on a few words taken out of context. *Wilkes-Barre, City v. Workmen's Compensation Appeal Board (Scott)*, 54 Pa. Commonwealth Ct. 230, 420 A.2d 795 (1980).

The test for determining the legal sufficiency of medical testimony is:

'[T]he expert has to testify, not that the condition of claimant might have, or even probably did, come from the accident, but that in his professional opinion the result in question came from the cause alleged. A less direct expression of

opinion falls below the required standard of proof and also does not constitute legally competent evidence.'

*Beaver Valley Builders Supply v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 344, 346, 406 A.2d 1172, 1173 (1979) quoting *Menarde v. Philadelphia Transportation Co.,* 376 Pa. 497, 501, 103 A.2d 681, 684 (1954). In *Beaver Valley Builders,* the testimony of a physician that the claimant's disease "may have been" initiated by the claimant's work injury rendered said testimony equivocal and benefits were denied. *See also Lehigh Valley Manpower Program v. Workmen's Compensation Appeal Board (Sanchez),* 61 Pa. Commonwealth Ct. 430, 433 A.2d 935 (1981) where expert's testimony as to what he considered to be the "more probable reason" for claimant's injury was rejected as equivocal.

In the matter herein, Dr. Brobyn testified that he could only reach a conclusion as to the *"potential* etiology" of Claimant's problem, and that he could not opine based upon a reasonable degree of medical certainty whether the organism causing Claimant's infection was contracted at the Hospital. Dr. Santoro testified that Claimant "may have had a resistant organism, one that one would acquire *possibly* in a hospital . . .". Dr. Santoro further testified that the fact Claimant spent a large amount of time in the hospital *"would imply"* to him that there was a *"good probability"* that Claimant acquired her infection at the Hospital.

Clearly, we cannot conclude that this testimony meets the test for legal sufficiency of medical testimony set forth herein. Therefore, the Board erred in affirming the referee and we must reverse its decision.

## ORDER

AND NOW, this 27th day of December, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed.