567 A.2d 782

**James D. DAVIS, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (USX CORPORATION), Respondents.**

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 1989.

Decided Dec. 20, 1989.

Joel Persky, Henderson & Goldberg, P.C., Pittsburgh, for petitioner.

Martha R. Conley, Pittsburgh, for respondent, USX Corp.

Before BARRY and McGINLEY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

This is an appeal by James D. Davis (Claimant) from a determination of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision to suspend benefits.

On April 29, 1985, Claimant filed an occupational disease claim under Section 27.1(*l*) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 27.1(*l*), asserting that he is disabled as a result of exposure to asbestos and asbestos dust in the course of his employment. Claimant was employed by U.S.X. Corporation (Employer) from 1952 until May 25, 1984, when he was laid-off. Claimant's exposure to asbestos and asbestos dust occurred from June 30, 1973, to May 25, 1984, when he was a steel pourer.

In support of his claim petition Claimant presented the testimony of Doctor Michael E. Wald (Dr. Wald). Dr. Wald opined on the basis of a pulmonary function study and a chest x-ray taken on March 25, 1985, that Claimant suffered from pneumoconiosis. (Deposition of Michael E. Wald, M.D., August 12, 1985, (Deposition of Wald) at pp. 7–9.) Dr. Wald also opined that asbestosis and silicosis were present in the Claimant's lower lung zone. (Deposition of Wald at 9.) However, Dr. Wald also stated that the pneumoconiosis process "has not affected respiratory function to so severe a degree that he is physically unable to perform his job." (Deposition of Wald at 11.) Dr. Wald also opined that Claimant should not return to work because exposure to dust would create further fibrosis and cause Claimant's disease to progress.[1] (Deposition of Wald at 11.)

1. Mr. Jennings to Dr. Wald:
   Q. Doctor, in terms of your last answer, would it be your opinion that Mr. Davis is essentially disabled from doing this type of steel worker employment if it involved continued exposures to asbestos or silica-type dusts which would run the risk of causing a progression of his disease?
   A. I feel that medically it is contraindicated for him to return to work that would expose him to dust that would continue to cause his disease to progress. Therefore, medically, I would advise or indicate that this man could not return to work.

The referee chose to accept the testimony of Dr. Wald and found that Claimant suffered from asbestosis.[2] The referee specifically found:

> After a careful review of all the records and the testimony, your Referee finds as a fact and chooses to believe the deposition of Dr. Wald inter alia that the Claimant as of May 3, 1985 does have the disease process of asbestosis but is not disabled from said asbestosis even though Claimant should avoid working in dust areas.

Referee's Findings of Fact No. 10, June 6, 1987, at 2. The referee suspended benefits and the Board affirmed concluding that the referee's findings were supported by substantial evidence and that there was no disability.

■ Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or findings were unsupported by substantial evidence. *Hammer v. Workmen's Compensation Appeal Board (Gannondale),* 105 Pa.Commonwealth Ct. 356, 524 A.2d 550 (1987).

On appeal Claimant argues that the unequivocal medical testimony establishes that he suffers from an occupational disease which precludes him from returning to his former job. Specifically, Claimant asserts that he has suffered a loss of earning power because his occupational disease would progress if he returned to his job even though he is physically capable of performing it.

■ The claimant has the burden of establishing that he is entitled to compensation under the Act. *Halaski v. Hilton Hotel,* 487 Pa. 313, 409 A.2d 367 (1979). In order to meet his burden claimant must establish that the disease is work related. *Werner v. Workmen's Compensation Appeal Board (Bernardi Bros., Inc.),* 102 Pa.Commonwealth Ct. 463, 518 A.2d 892 (1986). If the causal connection

Deposition of Wald at 11–12.

2. The Employer submitted a report of Dr. C.L. Anderson dated February 5, 1986, who opined that Claimant may have a mild asthmatic bronchitis which did not prevent him from continuing his usual customary work. (Referee's Findings of Fact No. 8.)

between the disease and the job is not obvious, the claimant must establish it by unequivocal medical testimony. *Werner.*

■ The referee's determination that the Claimant is not disabled is not supported by substantial evidence. Dr. Wald testified that the Claimant was exposed to asbestos and silica at his work place and as a result developed pneumoconiosis, a pulmonary disease.[3] Although Dr. Wald testified that the Claimant was not physically unable to perform his job, he recognized that the Claimant should not return to work where there would be continued exposure to asbestos or silica-type dusts. Dr. Wald's testimony is supported by the Claimant's testimony that he was exposed to dusts in his work area. (Notes of Testimony, May 16, 1985, at 6–7, 9.) In *Lash v. Workmen's Compensation Appeal Board (Jablonski),* 491 Pa. 294, 420 A.2d 1325 (1980) Lash and Jablonski were removed from their positions which required the handling of lead because they had became "lead absorbers" after tests revealed elevated lead-blood levels. The Supreme Court concluded that they were partially disabled and quoted the Delaware Superior Court in doing so:

> It would be contrary to public policy and the purposes of our Workmen's Compensation Act to hold, as suggested by [their employer] on appeal, that the claimants were not entitled to partial disability because even with their illness they were physically capable of continuing to work in the high led [sic] areas at increasing peril to their

**3.** Mr. Jennings to Dr. Wald:
Q. Dr. Wald, on the basis of the various tests and procedures which you have described, did you form an opinion to a reasonable degree of medical certainty as to the presence of any pulmonary disease in the case of Mr. Davis?
A. Mr. Davis does have pneumoconiosis as evidenced by the history of exposure to asbestos as well as some silica in his workplace and the radiographic findings that I have described.
. . . .
   However, because there was some history of silica exposure in his work as well as the fact that a few nodular densities could be seen, I would not rule out some associated silicosis. Therefore, I have diagnosed the presence of asbestoses and a possible additional silicosis.
Deposition of Wald at 9.

■

health. The law does not require, as a prerequisite to recovering compensation for partial disability due to a compensable occupational disease, that the ill employee continue to work until he becomes physically unable to do so. ·

*Id.*, 491 Pa. at 297, 298, 420 A.2d at 1327 quoting *Globe Union Inc. v. Baker*, 310 A.2d 883 (Del.Super.Ct.1973), aff'd *per curiam*, 317 A.2d 26 (Del.Supr.Ct.1974). The referee erred in determining the Claimant is not disabled. Further, the Employer failed to present any evidence as to the availability of suitable work for the Claimant. Consequently, the Claimant is entitled to an award of benefits.

We reverse the decision of the Board and remand for a computation of benefits.

## ORDER

AND NOW, this 20th day of December, 1989, the order of the Workmen's Compensation Appeal Board, Dated November 16, 1988, at A–93920, is reversed and this matter remanded to the Board so that it may remand to the referee for a computation of benefits.

Jurisdiction relinquished.