584 A.2d 1088

**BETHENERGY MINES, INC., Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (KUDRA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 19, 1990.

Decided Dec. 21, 1990.

Carl J. Smith, Jr., Ceisler, Richman, Smith Law Firm, Washington, for petitioner.

Cheryl Catherine Cowen, United Mine Workers of America, Belle Vernon, for respondent.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

BethEnergy Mines, Inc. (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision awarding Alexander Kudra (Claimant) benefits under The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031. We affirm.

Claimant, 67 years old, had worked for Employer for approximately forty years as an underground coal miner until his retirement on February 21, 1985. For the last two and a half years of his employment Claimant worked as an underground car repairman changing the wheels, bumpers, races, axles and bearings on the coal cars. Claimant's average weekly wage was sufficient to entitle him to the maximum rate of compensation payable under the Act.

On February 1, 1988, Claimant filed a claim petition alleging that he was totally disabled as a result of coalworker's pneumoconiosis, an occupational disease listed under Section 108 of the Act, 77 P.S. § 27.1. Referee's hearings were held at which Claimant testified and produced the deposition testimony of Warfield Garson, M.D. (Garson), a physician board-certified in preventive medicine, a specialty which includes the practice of occupational medicine. Gar-

son is the former Corporate Medical Director for the Consolidation Coal Company and is currently Director of the Pulmonary Department for the Centerville Clinic. Garson testified that Claimant was disabled due to pneumoconiosis and should not be further exposed to any level of coal dust because of the risk of further progression of the disease which may result in massive fibrosis.

Employer produced the deposition testimony of Peter Kaplan, M.D. (Kaplan), a physician specializing in pulmonary medicine, and Robert Altmeyer, M.D. (Altmeyer), a physician board-certified in internal medicine and pulmonary medicine. Both Kaplan and Altmeyer testified that, although they had diagnosed Claimant as having pneumoconiosis, they did not find Claimant to have any pulmonary or respiratory impairment as a result of the disease. Altmeyer opined that it would be safe for Claimant to return to coal mine employment in an environment where the dust levels were within the limits permitted by federal law.

The referee accepted Garson's testimony and in reliance upon Garson's opinion found that, as of October 3, 1985, Claimant was totally and permanently disabled as a result of pneumoconiosis contracted during his employment with Employer and that Claimant is not capable of performing his last job with Employer. Accordingly, the referee concluded that Claimant sustained an injury in the nature of an occupational disease and awarded Claimant benefits under the Act.

Employer appealed the referee's decision and the Board affirmed noting that Garson's testimony was sufficient to support the referee's conclusion. Employer appealed to this Court. Employer contends that the finding that Claimant is disabled due to pneumoconiosis is erroneous because Claimant can perform his last job; that Garson's testimony is equivocal; and that, because Claimant's voluntary retirement precludes the risk of any further occupational exposure to coal dust, Claimant cannot be found to be disabled as a result of the potential consequences of an event which will not occur. Our scope of review is limited to a determi-

nation of whether constitutional rights were violated, an error of law was committed, or whether any necessary finding of fact was not supported by substantial evidence. *Hammer v. Workmen's Compensation Appeal Board (Gannondale)*, 105 Pa.Commonwealth Ct. 356, 524 A.2d 550 (1987).

■ Employer's first contention is that Claimant cannot be found to be disabled because he was capable of performing his last job. Employer alleges that the referee's Finding of Fact No. 8 is both factually and legally incorrect. Finding of Fact No. 8 states:

8. Upon consideration of all testimony and conflicting medical evidence of record in this case and based upon the sufficient, competent and credible medical evidence of record in this case from Dr. Warfield Garson, upon whose medical evidence your Referee relies, your Referee finds as a fact that as of October 3, 1985 claimant became totally and permanently disabled as a result of coal workers' pneumoconiosis contracted during his employment by the defendant in the coal mining industry in Pennsylvania. The claimant is not capable of performing his last job for defendant in the coal mining industry.

The Referee affords greater weight to the opinions and testimony of Dr. Warfield Garson in making this finding.

Referee's Decision, February 2, 1989, at 5.

Employer relies on this Court's decision in *Carpentertown Coal and Coke Company v. Workmen's Compensation Appeal Board*, 52 Pa.Commonwealth Ct. 134, 415 A.2d 450 (1980) and the proposition that it is a fundamental rule of workmen's compensation that there cannot be a finding of disability where the Claimant remains capable of performing his last job. Employer argues that Garson did find Claimant capable of performing his last job. *See* Reproduced Record (R.R.) at 131a–132a.

Conversely, Claimant relies on our decision in *Davis v. Workmen's Compensation Appeal Board (USX Corporation)*, 130 Pa.Commonwealth Ct. 207, 567 A.2d 782 (1989),

wherein we held that when the claimant establishes that his occupational disease would progress if he returned to his job, even though he is physically capable of performing it, he is disabled within the meaning of the Act. In *Davis* we followed our Supreme Court's decision in *Lash v. Workmen's Compensation Appeal Board (Jablonski)*, 491 Pa. 294, 420 A.2d 1325 (1980) wherein the Court noted that our law does not require, as a prerequisite to recovering compensation for partial disability due to a compensable occupational disease, that the ill employee continue to work until he becomes physically unable to do so. *Id.* at 297, 420 A.2d at 1327.

We find the decisions in *Lash* and *Davis* to be controlling in the present controversy. Although Employer correctly notes that Garson testified that Claimant could physically perform his last job [1] (R.R. at 132a), Garson further testified that Claimant should not return to work because of the risk of progression of the disease resulting from any further exposure to coal dust regardless of the level of dust. The referee deemed Garson's testimony credible and correctly concluded that Claimant was disabled.

■ Employer's second contention is that Garson's testimony is equivocal and thus does not constitute substantial competent evidence to support a finding of disability. Employer cites to a portion of Garson's testimony wherein he testified that "we have no way of knowing for sure, but it is possible, at least, and we know a certain percent of these people to continue to progress in their pneumoconiosis." *See* R.R. at 133a. The question of whether medical testimony is equivocal is one of law and as such is reviewable by this Court. In conducting our review, we must look to the

---

**1.** This testimony conflicts with the last sentence of the first paragraph of Finding of Fact No. 8 wherein the referee states that "claimant is not capable of performing his last job for defendant in the coal mining industry." However, *Lash* and *Davis* held that it is the risk of progression of the occupational disease which is the basis for the finding of disability, not whether the claimant is currently physically capable of performing the work. Thus, in the present case, the referee's finding, that Claimant was not capable of performing his last job, is not essential to a finding of disability.

medical testimony as a whole and not base our final decision on a few words taken out of context. *Chestnut Hill Hospital v. Workmen's Compensation Appeal Board (Van Den Bergh)*, 122 Pa.Commonwealth Ct. 338, 551 A.2d 683 (1988).

■ Garson's testimony, as a whole, unequivocally reflects his opinion that further exposure to any measurable level of coal dust is accompanied by the danger of progressive pneumoconiosis. Garson testified that Claimant's pneumoconiosis has progressed between 1979 and 1985. R.R. at 175a. Garson then concluded that, based upon medical studies and probabilities, these types of people are more likely to progress over time if they are exposed to coal dust. R.R. at 132a–135a. Garson stated that his conclusion was rendered with a reasonable degree of medical certainty. R.R. at 135a. Although Garson does use the words "could" and "likely" in his testimony, we conclude the testimony, when viewed in its entirety, is sufficiently unequivocal to provide substantial, competent evidence for the referee's finding of disability.

■ Employer also contends that Altmeyer's testimony that Claimant could safely return to his prior job was unequivocal. In Finding of Fact No. 8 the referee acknowledges the existence of conflicting medical evidence in the record, accepts the opinion of Garson, and clearly states that he afforded greater weight to the opinions and testimony of Garson. Referee's Decision at 5. The referee, as factfinder, resolves questions of credibility and is free to accept or reject the testimony of any witness in whole or in part. *Pittsburgh Moose Lodge No. 46 v. Workmen's Compensation Appeal Board (Grieco)*, 109 Pa.Commonwealth Ct. 53, 530 A.2d 982 (1987). Consequently, the referee was free to accept Garson's testimony and reject Altmeyer's testimony.

■ Employer's third contention is that the principle enunciated in *Lash* and *Davis* should not be applied to the present case because Claimant has voluntarily retired and

thereby surrendered all seniority and recall rights under his labor contract. Employer asserts that, as a result of Claimant's retirement, he is effectively precluded from ever returning to work in a coal mine. Essentially, the Employer's argument is that the claimants in *Lash* and *Davis* could have returned to work but for their disease; whereas Claimant cannot return, regardless of the disease, because he has retired.

This Court has previously addressed Employer's argument in *Wheeling–Pittsburgh Steel Corporation v. Workmen's Compensation Appeal Board (Smith)*, 70 Pa.Commonwealth Ct. 100, 452 A.2d 611 (1982) wherein we held that a claimant's voluntary retirement did not preclude him from recovering workmen's compensation. In *Wheeling–Pittsburgh*, the employer corporation contended that Smith's loss in earning power resulted from his retirement and argued that Smith must establish that he retired because of his disability. We rejected this position and noted that Smith's employment status was not relevant to his proof of medical disability. *Id.* at 104, 452 A.2d at 613.

As in *Wheeling–Pittsburgh*, we conclude that Claimant's employment status is irrelevant to a finding of medical disability. Whatever rights were involved in the negotiation of the labor contract are inconsequential in a compensation proceeding.

Accordingly, we affirm the order of the Board.

## ORDER

AND NOW, this 21st day of December, 1990, the order of the Workmen's Compensation Appeal Board in the above captioned proceedings is affirmed.