**Harry KONITSKY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BETHENERGY MINES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 10, 1995.

Decided March 23, 1995.

Raymond J. Zadzilko, for petitioner.

John J. Bagnato, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and DELLA PORTA, Senior Judge.

PELLEGRINI, Judge.

Harry Konitsky (Claimant) appeals a decision of the Workmen's Compensation Appeal

Board (Board) reversing the Referee's decision granting Claimant benefits.

On October 2, 1987, Claimant retired as a mechanic with Bethenergy Mines, Inc. (Employer). He had worked for Employer as a mine worker for approximately twenty years and then as a mechanic for the last twelve to thirteen years. Claimant filed a Workmen's Compensation Occupational Disease (WCOD) petition on February 16, 1988, alleging total disability, or in the alternative, partial disability resulting from coal worker's pneumoconiosis. On March 3, 1989, the Referee dismissed this petition, stating that:

10. I find as a fact that the Claimant is neither totally nor partially disabled because of coal worker's pneumoconiosis or because of any other occupationally related lung disease.

11. The Claimant has chronic obstructive pulmonary disease, the primary cause of which is cigarette smoking. The Claimant's occupational exposure to coal dust is not a significant cause of this problem.

(R.R. 83a). Claimant did not appeal that decision. Claimant then filed the present WCOD petition on October 15, 1992, again contending that he was suffering pneumoconiosis resulting from his exposure to coal dust and that he could not return to any employment in which he would again be exposed to coal dust.

Before the Referee, Claimant testified that he retired from his employment on October 2, 1987, because he felt that he could no longer work at the coal mines. Claimant explained that, at that time, he had no energy and experienced frequent shortness of breath. Furthermore, Claimant stated that, whenever he did anything strenuous, he would cough and have pains in his chest. At the urging of his treating physician, Claimant testified, he decided that he could no longer work as a mechanic for Employer.

With respect to the conditions to which he was exposed during the last fifteen years of his employment, Claimant testified that as part of his responsibilities as a mechanic, he was responsible for overhauling the mining equipment when it came out of the mines. This involved the hosing down of the equipment and removal of the coal dust, as well as the reconditioning of the moving parts of the equipment. Claimant further testified that the doors of the garage in which he worked were always open, and that he was frequently exposed to the coal dust which was disturbed by trucks that would pass by the garage.

Claimant also stated that he has not looked for alternative employment since he left his job with Employer. He did indicate that he was receiving a Miner's Pension and Social Security benefits. Further, Claimant felt that he could not return to his previous job with Employer because that would expose him to dust, thus worsening his condition.

In support of his petition, Claimant presented the deposition testimony of Christopher J. Begley, M.D., a pulmonary physician who is board certified in internal medicine, pulmonary medicine, and critical care medicine. Dr. Begley stated that on September 16, 1992, he conducted a physical examination of Claimant in addition to obtaining x-rays of Claimant's lungs and Claimant's medical history. Dr. Begley testified that, although Claimant had normal arterial blood gases, he found that Claimant had an obstructive lung disease in the small airways and simple pneumoconiosis. Dr. Begley also stated that, even though there was no evidence that Claimant was experiencing significant pulmonary impairment, if Claimant were to return to an employment atmosphere where he would be exposed to coal dust, then he could possibly develop a significant pulmonary dysfunction. Based on this diagnosis, Dr. Begley stated that Claimant should not return to his job as an above ground mechanic. On cross examination, Dr. Begley admitted that Claimant's condition had not worsened during the last seven years of his employment. Dr. Begley also admitted that he was not sure if Claimant's condition would worsen if he returned to his job with Employer.

In opposition to Claimant's petition, Employer presented the deposition testimony of Gregory Fino, M.D., a pulmonary physician who is board certified in internal medicine and pulmonary medicine. Although he did not examine Claimant, Dr. Fino stated that he did review prior medical tests performed

on Claimant as well as Claimant's medical records. Dr. Fino diagnosed Claimant as having coal worker's pneumoconiosis but with no pulmonary impairment as a result of the disease. Dr. Fino further indicated that Claimant's disease had not progressed since 1981, despite the fact that he continued to work as an above ground mechanic with Employer until 1987. Dr. Fino opined that Claimant could return to this position without restriction.

Employer also presented two medical reports completed by Robert Pickerill, M.D., who was also board certified in internal medicine and pulmonary medicine. In his first report dated December 9, 1992, Dr. Pickerill stated that based upon a physical examination of Claimant, as well as Claimant's medical history and tests performed on Claimant, he diagnosed Claimant as having coal miner's pneumoconiosis,[1] COPD and bullous emphysema. Dr. Pickerill attributed Claimant's COPD and bullous emphysema to his prior history of tobacco use and indicated that it was these two conditions which resulted in Claimant's respiratory impairment. Dr. Pickerill stated that Claimant's condition had not changed since he last examined him on May 23, 1988, and that he was of the opinion that Claimant could return to his job as a mechanic, indicating that exposure to some respiratory irritants could aggravate his COPD and emphysema. In his second report dated March 9, 1993, Dr. Pickerill agreed with the conclusions set forth by Dr. Fino.

Accepting the testimony of Dr. Begley over that of Dr. Fino and Dr. Pickerill, the Referee found that Claimant was suffering from an occupational disease and that Claim-

ant knew or should have known of his disability on or about September 16, 1992. Finding that Claimant did not "specifically exhibit a pulmonary impairment clearly designated resulting from coal dust exposure," the Referee found that Claimant's physical health would be in jeopardy upon his return to the coal mines. Therefore, the Referee granted Claimant's petition.

■ Employer appealed to the Board which, citing to the recent Pennsylvania Supreme Court case of *Republic Steel v. Workmen's Compensation Appeal Board (Petrisek),*[2] reversed the Referee. The Board held that, when Claimant retired in 1987, he was still able to work, and therefore, he voluntarily retired. The Board, therefore, concluded that Claimant is not now entitled to benefits because of a diagnosis, rendered five years after his retirement, which indicated that additional exposure to coal dust would lead to Claimant's disability. The instant appeal by Claimant followed.[3]

Claimant contends that, since he cannot return to the coal mines because of his pneumoconiosis, he is disabled by an occupational disease and is entitled to receive benefits. Furthermore, Claimant contends that his retirement in 1987 was not voluntary, and therefore, the Board erroneously reversed the Referee's award of benefits. Employer contends that, since Claimant was not suffering from a pulmonary impairment resulting from coal worker's pneumoconiosis at the time of his retirement, his retirement was voluntary. As such, Employer contends, Claimant has suffered no loss of earning capacity and therefore, benefits were correctly denied by the Board.[4]

---

1. This report indicated that Claimant had coal worker's pneumoconiosis since 1980.

2. 537 Pa. 32, 640 A.2d 1266 (1994).

3. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or the facts are not supported by substantial evidence in the record. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Petrisek),* 537 Pa. 32, 640 A.2d 1266 (1994).

4. Employer also contends that Claimant's medical evidence that his return to work would wor-

sen his medical condition was equivocal and insufficient to support the Referee's findings. Further, Employer is requesting this Court to overrule *J & L Steel Corp. v. Workmen's Compensation Appeal Board (Shutak),* 145 Pa.Commonwealth Ct. 99, 602 A.2d 467, *application for allowance of appeal denied,* 530 Pa. 657, 608 A.2d 32, *and in* 530 Pa. 662, 609 A.2d 169 (1992), and *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Kudra),* 136 Pa.Commonwealth Ct. 720, 584 A.2d 1088 (1990), *application for allowance of appeal denied,* 527 Pa. 652, 593 A.2d 423 (1991), which permitted a claimant to obtain benefits for an occupational disease even after he or she had retired. Because of our

■ As to the Board's reversal of the Referee's award of benefits based upon the finding that Claimant had retired and did not suffer a loss of earning power, the term "disability" is synonymous with loss of earning power under the Workmen's Compensation Act (Act). *Diehl v. Workmen's Compensation Appeal Board (Tasco Insulation, Inc.)*, 152 Pa.Commonwealth Ct. 223, 618 A.2d 1175 (1992). If a claimant suffers a work-related disability but no loss of earning power, then benefits will not be awarded under the Act. *Scobbie v. Workmen's Compensation Appeal Board (Greenville Steel Car Co.)*, 118 Pa.Commonwealth Ct. 424, 545 A.2d 465 (1988), *application for allowance of appeal denied*, 522 Pa. 606, 562 A.2d 828, *and in* 522 Pa. 607, 562 A.2d 829 (1989). Our case law, while denying recovery for a distinct physical injury sustained by a claimant who has retired based upon the conclusion that the claimant has suffered *no loss of earning power*,[5] has permitted the award of benefits to a claimant proving the existence of an occupational disease preventing him or her from working despite the fact that the claimant had voluntarily retired. *J & L Steel Corp. v. Workmen's Compensation Appeal Board (Shutak)*, 145 Pa.Commonwealth Ct. 99, 602 A.2d 467, *application for allowance of appeal denied*, 530 Pa. 662, 608 A.2d 32, *and in* 530 Pa. 657, 609 A.2d 169 (1992); *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Kudra)*, 136 Pa.Commonwealth Ct. 720, 584 A.2d 1088 (1990), *application for allowance of appeal denied*, 527 Pa. 652, 593 A.2d 423 (1991).

■ Our Supreme Court has modified this case law, however, when it recently addressed the issue of whether a claimant's previous retirement precludes the award of benefits under the Act for an occupational disease in *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994). The claimant in *Petrisek* had filed a petition for compensation alleging that he suffered from coal worker's pneumoconiosis seven years after he had retired from working in the coal mines. In

reversing the award of benefits to the claimant, the Supreme Court held that, since the claimant had voluntarily retired with no intention of re-entering the work force, he had suffered no loss of earning power as a result of his disease, and therefore, an award of compensation was not warranted. *Id.* In so holding, the Supreme Court drew the distinction between a claimant voluntarily retiring and one being forced into retirement because of his or her disability, stating that "[h]ad the claimant in this case established that he was forced into retirement by his disabling disease we would agree that his retirement would not bar his claim for worker's compensation benefits." *Id.* at 36, 640 A.2d at 1269.

The issue before us, then, is whether Claimant was forced to retire by his occupational disease, thus warranting the award of benefits under the Act, or whether Claimant voluntarily retired, i.e., retired for a reason not related to his occupational disease. Claimant was not forced to retire in 1987 because of any work-related occupational disease even though he testified that he retired because of shortness of breath. In the 1989 unappealed workmen's compensation proceeding, the Referee found that this shortness of breath was not attributable to Claimant's occupational disease, but to his cigarette smoking. Because Claimant left the work force due to a non work-related reason, the Supreme Court's holding in *Petrisek* applies, and for that reason, we must also affirm the Board.

Because Claimant's pneumoconiosis was not the reason for his retirement in 1987, the order of the Board reversing the Referee's decision is affirmed.

### ORDER

AND NOW, this 23rd day of March, 1995, the decision of the Workmen's Compensation Appeal Board dated September 13, 1994, at No. A93–2914, is affirmed.

---

resolution of this case, however, we need not address these issues.

5. *Dugan v. Workmen's Compensation Appeal Board (Fuller Co.)*, 131 Pa.Commonwealth Ct. 218, 569 A.2d 1038 (1990).