Larry McKelvey,              :
           Petitioner      :
                       :
         v.              :
                       :
Workers' Compensation Appeal  :
Board (Roxcoal, Inc.),       :   No. 1108 C.D. 2019
           Respondent     :   Submitted: November 22, 2019


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                  FILED: January 30, 2020

Larry McKelvey (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) July 24, 2019 order affirming the portion of the Workers' Compensation Judge's (WCJ) decision denying Claimant's claim petition (Claim Petition). The issue before this Court is whether the WCJ erred by concluding that Claimant was not disabled due to his work injury.[1] After review, we affirm.

---

[1] Claimant presents three issues in his Statement of the Questions Involved: (1) whether the WCJ erred by holding that Claimant was not disabled and could physically return to work; (2) whether the WCJ erred by holding that competent medical evidence did not establish that Claimant was disabled due to his work injury; and (3) whether the Board erred by affirming the WCJ's decision which was contrary to prevailing case law that a claimant is disabled where a doctor credibly testifies that the claimant should not return to work because of the risk of progression of an occupational disease. *See* Claimant Br. at 8. Since Claimant's issues relate to whether substantial evidence supported the WCJ's conclusion that Claimant was not disabled due to his work injury, they have been combined herein.

Claimant was employed by Roxcoal, Inc. (Employer) for 23 years as a coal miner until December 13, 2012, when the mine in which he worked was closed and he was laid off.[2] Claimant's last duties with Employer required him to work underground in dusty conditions. In 2016, Claimant was diagnosed with coal mine worker's pneumoconiosis. On October 3, 2016, Claimant filed the Claim Petition seeking full disability from December 13, 2012 and ongoing. *See* Reproduced Record (R.R.) at 48A.[3] On October 17, 2016, Employer denied Claimant's claim.

A WCJ conducted hearings on November 8, 2016 and February 7, April 11, July 11 and October 10, 2017. On February 21, 2018, the WCJ granted the Claim Petition insofar as Claimant proved that he suffered a work-related injury for which he is entitled to medical benefits, but denied Claimant indemnity benefits because Claimant failed to prove he was disabled as a result of his work injury. Claimant appealed to the Board which, on July 24, 2019, affirmed the WCJ's decision. Claimant appealed to this Court.[4]

Initially, in a claim petition proceeding,

[a]n injured employee seeking to obtain [WC] benefits for a work-related injury bears the burden of proving all elements necessary to support an award. Pursuant to Section 301(c)(1) of the [WC] Act [(Act)[5]], 77 P.S. § 411(1), an employee's injuries are compensable if they (1) arise in the course of employment and (2) are causally related thereto. Further, **an employee must demonstrate that he is disabled as a consequence of the work-related injury**.

---

[2] Claimant had worked in coal mines for approximately 40 years.

[3] Claimant failed to comply with Pennsylvania Rule of Appellate Procedure 2173, which requires that reproduced record pages be numbered followed by a small "a." Accordingly, this Court references the documents consistent with the reproduced record's table of contents.

[4] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014). "Substantial evidence has been defined as such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.*

[5] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

> **The term 'disability' is synonymous with an employee's loss of earning power**.

*Amandeo v. Workers' Comp. Appeal Bd. (Conagra Foods)*, 37 A.3d 72, 75 n.4 (Pa. Cmwlth. 2012) (emphasis added; citations omitted). Section 301(c)(2) of the Act, 77 P.S. § 411(2), specifies that compensable injuries include occupational diseases as defined in Section 108 of the Act, 77 P.S. § 27.1,[6] among which is coal worker's pneumoconiosis. *See* Section 108(q) of the Act, 77 P.S. § 27.1(q). However, a claimant must establish not only that he suffers from an occupational disease arising from his employment, but also that he is disabled by it. *See Bristol Borough v. Workers' Comp. Appeal Bd. (Burnett)*, 206 A.3d 585 (Pa. Cmwlth. 2019); *see also Sun Home Health Visiting Nurses v. Workers' Comp. Appeal Bd. (Noguchi)*, 815 A.2d 1156, 1160 (Pa. Cmwlth. 2003). Here, the WCJ concluded that Claimant proved the former, but not the latter.

Claimant argues that the Board erred by upholding the WCJ's determination that Claimant was not disabled as a result of his work injury. He specifically asserts that the WCJ erred by concluding that credible medical evidence established that Claimant could return to work, when his occupational disease could progress if he did so. Claimant contends that the WCJ erred by relying on pulmonologist Gregory J. Fino, M.D.'s (Dr. Fino) testimony over pulmonologist George M. Zlupko, M.D.'s (Dr. Zlupko) testimony in reaching his decision. We disagree.

"Unless the causal connection between an injury and disability is obvious, unequivocal medical evidence is needed to establish that connection." *Reyes v. Workers' Comp. Appeal Bd. (AMTEC)*, 967 A.2d 1071, 1077 (Pa. Cmwlth. 2009). Further, the law is well-established that "[t]he WCJ is the ultimate factfinder and has exclusive province over questions of credibility and evidentiary weight."

---

[6] Added by Section 1 of the Act of October 17, 1972, P.L. 930.

3

*Univ. of Pa. v. Workers' Comp. Appeal Bd. (Hicks)*, 16 A.3d 1225, 1229 n.8 (Pa. Cmwlth. 2011). "The WCJ, therefore, is free to accept or reject, in whole or in part, the testimony of any witness, including medical witnesses." *Griffiths v. Workers' Comp. Appeal Bd. (Red Lobster)*, 760 A.2d 72, 76 (Pa. Cmwlth. 2000).

Here, Claimant testified relative to disability that his breathing has worsened over time, to the point that he sometimes has "a hard time breathing" while playing with his grandchildren, carrying groceries up his driveway, washing his car or mowing his lawn. R.R. at 93A. Although Claimant acknowledges that he is not being treated for any breathing issues,[7] and he "could work in some capacity," R.R. at 97A, he does not believe he could do the coal mining job he did before his December 13, 2012 layoff. *See* R.R. at 92A, 94A.

Claimant's medical expert, Dr. Zlupko, related that Claimant was examined on August 15, 2016 at UPMC Altoona's Black Lung Program under the auspices of the United States Department of Labor, Workers' Compensation Program, Division of Coal Mine Workers' Compensation, at his counsel's request. Claimant provided his history and underwent numerous studies and tests, from which Dr. Zlupko concluded in his November 8, 2016 report, *see* R.R. at 161A-162A, within a reasonable degree of medical certainty, that Claimant had simple coal worker's pneumoconiosis due to his exposure to coal dust at work.

Dr. Zlupko recalled, based on Claimant's normal restrictive impairment test results, that Claimant did not have any functional pulmonary impairment that would preclude Claimant from performing his coal mine job, and Dr. Zlupko further acknowledged that some coal workers continue to work without ever developing functional impairment. *See* R.R. at 177A-180A, 189A-190A, 194A. Dr. Zlupko nevertheless declared:

---

[7] Claimant explained that he was hospitalized for pneumonia in March 2016, and was given an inhaler to use as part of his treatment for that condition. *See* R.R. at 92A-93A, 99A-100A, 143A.

> I would not find it appropriate from a medical point of view to recommend that he return to a work environment exposing him to more of a [sic] coal dust, or any other dust in that environment that may cause a disease and just wait for him to develop functional impairment.

R.R. at 178A; *see also* R.R. at 179A, 181A, 195A. He explained: "[T]here is evidence that there is some progressive quality to this dust exposure. And so . . . it's possible over time [Claimant] could develop some functional impairment; again emphasizing why I wouldn't return him to that environment." R.R. at 180A. However, Dr. Zlupko could not state within a reasonable degree of medical certainty that Claimant would develop a disabling respiratory impairment if he returned to work. *See* R.R. at 194A-195A.

Employer's medical expert, Dr. Fino, testified that he conducted an independent medical examination (IME) of Claimant on January 19, 2017, during which Claimant expressed that he has experienced shortness of breath, with some cough, mucus and wheezing for approximately 3 years. *See* R.R. at 218A, 252A. Like Dr. Zlupko, Dr. Fino concluded that Claimant had simple coal worker's pneumoconiosis but, since Claimant's impairment test results were normal, Claimant did not have any respiratory impairment or pulmonary disability that prevented him from working. *See* R.R. at 225A, 251A, 254A-258A. However, Dr. Fino declared "from a functional standpoint, [Claimant] could return to his last mining job or a job requiring similar effort." R.R. at 225A, 258A-259A.

Dr. Fino expounded that, based purely on Claimant's category one (1/0) pneumoconiosis x-ray reading, he would not recommend a person return to a mine for reexposure; however, looking at the total picture – that Claimant's level is only 1/0 after nearly 40 years of exposure – Dr. Fino opined within a reasonable degree of medical certainty that it was safe for Claimant to return to work because his condition

is not likely to worsen, even with further exposure.[8] *See* R.R. at 263A-268A. Dr. Fino articulated: "The chances of [Claimant's condition] progressing with or without further exposure, in [his] opinion, is negligible." R.R. at 268A.

The WCJ concluded, based upon the evidence, that Claimant failed to prove his work injury resulted in any earnings loss. In reaching his decision, the WCJ found:

> Both medical experts have [] consistently testified that from a pulmonary standpoint, [] Claimant is not disabled from returning to his pre-layoff job. Where they differ is on the issue of whether [] Claimant should refrain from returning to this type of work for fear of further worsening his condition. After carefully considering the testimony of both witnesses, I find Dr. Fino to be more believable and credible in his testimony that [] Claimant could safely return to his job.
>
> Dr. Fino performed a more thorough examination of [] Claimant than did Dr. Zlupko[,] and based his opinions on the thorough testing that showed no impairment. He credibly testified that because [] Claimant had no impairment after nearly 40 years of exposure, there was nothing medically preventing him from returning to the mines from a pulmonary standpoint, and no risk that further exposure would lead to disability. This opinion is logical, credible, and persuasive.
>
> Though Dr. Zlupko testified that [] Claimant should not return to the mines for fear that the pneumoconiosis would progress, he conceded that he could not state within a reasonable degree of medical certainty that [] Claimant would become disabled if he did return to the mines. Instead, he couched his prognosis in terms of 'possibly' and 'could.' Such terms are equivocal and not persuasive. His opinion is speculative.

---

[8] In contrast, Dr. Fino expressed that he would recommend that someone with the same result after only 10 years of exposure not return to a dusty environment because he is more susceptible to lung impairment than Claimant. *See* R.R. at 265A-268A.

6

Also, Dr. Zlupko's prognosis was not based upon any empirical testing[,] but rather upon the fact that the x-rays showed the mildest state of coal mine worker['s] pneumoconiosis and a concern that it could progress with further exposure. However, he also testified that he would expect anyone who worked in the mines for a length of time with significant exposure to develop evidence of coal mine worker['s] pneumoconiosis, even if [he/she] had no evidence of impairment. Following Dr. Zlupko's logic, since miners with a long history would develop pneumoconiosis and they should not have further exposure, he essentially is opining that all coal miners with a long history of exposure should not return to the mines and therefore should be eligible to collect [WC] benefits. Such an argument proves too much and is not credible or persuasive.

Most importantly, Dr. Zlupko would prohibit [] Claimant from returning to the mines based upon the x-ray results without considering the other factors that Dr. Fino took into consideration, namely, that [] Claimant has relatively minor evidence of pneumoconiosis after nearly 40 years of exposure and has normal (and to some degree above normal) findings on pulmonary function studies. His opinion is not as persuasive because he does not take the whole picture into consideration, unlike Dr. Fino, who considered the x-ray findings in conjunction with the whole picture.

For these reasons, I reject the disability opinion of Dr. Zlupko and accept the disability opinion of Dr. Fino.

WCJ Dec. at 5-6; R.R. at 11A-12A. Further, the WCJ "d[id] not find credible [] Claimant's opinion that he cannot return to work . . . , as the same is contrary to the credible medical evidence." WCJ Dec. at 5; R.R. at 11A. The Board agreed with the WCJ.

Claimant cites *Lash v. Workmen's Compensation Appeal Board (General Battery Corp.)*, 420 A.2d 1325 (Pa. 1980), *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Kudra)*, 584 A.2d 1088 (Pa. Cmwlth. 1990), and *Davis v. Workmen's Compensation Appeal Board (USX Corp.)*, 567 A.2d

7

782 (Pa. Cmwlth. 1989), to support his position that his diagnosis alone renders him disabled. However, those cases are inapposite because, therein, the WCJ found credible medical testimony that continued exposure *would* cause the employees' conditions to progress. Such is not the case here.

Moreover, neither the Board nor the Court may reweigh the evidence or the WCJ's credibility determinations. *Sell v. Workers' Comp. Appeal Bd. (LNP Eng'g)*, 771 A.2d 1246 (Pa. 2001). Specifically, "Section 422(a) [of the Act, 77 P.S. § 834,] does not permit a party to challenge or second-guess the WCJ's reasons for credibility determinations. [Thus, u]nless made arbitrarily or capriciously, a WCJ's credibility determinations will be upheld on appeal."[9] *Pa. Uninsured Emp'rs Guar. Fund v. Workers' Comp. Appeal Bd. (Lyle)*, 91 A.3d 297, 303 (Pa. Cmwlth. 2014) (quoting *Dorsey v. Workers' Comp. Appeal Bd. (Crossing Constr. Co.)*, 893 A.2d 191, 195 (Pa. Cmwlth. 2006) (citation omitted)).

Finally,

'[i]n performing a substantial evidence analysis, this [C]ourt must view the evidence in a light most favorable to the party who prevailed before the factfinder.' 'Moreover, we are to draw all reasonable inferences which are deducible from the evidence in support of the factfinder's decision in favor of that prevailing party.' It does not matter if there is evidence in the record supporting findings contrary to those made by the WCJ; the pertinent inquiry is whether the evidence supports the WCJ's findings.

*3D Trucking Co., Inc. v. Workers' Comp. Appeal Bd. (Fine & Anthony Holdings Int'l)*, 921 A.2d 1281, 1288 (Pa. Cmwlth. 2007) (citations omitted) (quoting

---

[9] Capricious disregard "occurs only when the fact-finder deliberately ignores relevant, competent evidence." *Williams v. Workers' Comp. Appeal Bd. (USX Corp.-Fairless Works)*, 862 A.2d 137, 145 (Pa. Cmwlth. 2004). Capricious disregard, by definition, does not exist where, as here, the WCJ expressly considered and rejected the evidence. *Williams*.

*Waldameer Park, Inc. v. Workers' Comp. Appeal Bd. (Morrison)*, 819 A.2d 164, 168 (Pa. Cmwlth. 2003)).

Here, the WCJ summarized all of the testimony and properly explained his credibility determinations. Because this Court may not reweigh the evidence or the WCJ's credibility determinations, and must view the evidence in a light most favorable to Employer on the issue of Claimant's disability, after a thorough review of the record, this Court concludes that the WCJ's decision is supported by substantial evidence. Accordingly, the Board did not err by affirming the WCJ's decision.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Larry McKelvey,                          :
                Petitioner      :
                                 :
                v.                :
                                 :
Workers' Compensation Appeal             :
Board (Roxcoal, Inc.),                   :    No. 1108 C.D. 2019
                Respondent      :

## O R D E R

AND NOW, this 30th day of January, 2020, the Workers' Compensation Appeal Board's July 24, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge