640 A.2d 1266

REPUBLIC STEEL CORPORATION, Appellant,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (PETRISEK), Appellee.

Supreme Court of Pennsylvania.

Submitted Sept. 21, 1993.

Decided April 22, 1994.

Reargument Denied May 27, 1994.

James M. Poerio, Christopher Pierson, Davies, McFarland & Carroll, P.C., Pittsburgh, for appellant.

John J. Bagnato, Spence, Custer, Saylor, Wolfe & Rose, Johnstown, PA, for amicus curiae, Barnes & Tucker and Pennsylvania Mines.

Jean Zeigler & Debra L. Henry, United Mine Workers Ass'n Dist. 5, Belle Vernon, PA, for appellee.

Before NIX, C.J., FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE, JJ., and MONTEMURO, Senior Justice.

## OPINION OF THE COURT

CAPPY, Justice.

The question presented in this case is whether a claimant who has voluntarily retired from the work place is entitled to receive benefits for an occupational disease claim under the Pennsylvania Workmen's Compensation Act, 77 P.S. §§ 1—1031. For the reasons that follow we find that a claimant who has voluntarily retired is not entitled to benefits under the Workmen's Compensation Act (hereinafter the "Act").

This matter commenced on May 2, 1988 when the claimant filed an Employee's Claim Petition for Compensation under the Act. At the time he filed the Petition the claimant was 68 years of age. Claimant had worked in the coal mining industry in Pennsylvania from 1939 until March of 1981. Claimant had worked for the appellant, employer, from 1955 until he

retired on March 26, 1981. The claimant learned that he was totally disabled as a result of coal worker's pneumoconiosis on May 20, 1985.

Hearings were held pursuant to the claimant's petition. Based upon the following findings of fact the referee rendered his decision awarding benefits to the claimant on March 21, 1989. The referee found that claimant had promptly given notice to the respondent of his disability claim on July 23, 1985. After receiving all the testimony the referee concluded that the medical testimony of claimant's expert was more persuasive and credible than that of the employer's expert. Thus, the referee concluded that the claimant was permanently disabled due to coal worker's pneumoconiosis and that his disability had resulted from his employment within the coal industry in Pennsylvania. Further, the referee found that the claimant's disability had occurred within 300 weeks of his last employment within the coal industry, where he was exposed to the hazards of the disease.

The decision of the referee was affirmed by the Workmen's Compensation Appeal Board (Board). The Commonwealth Court affirmed the order of the Board. This Court granted the employer's Petition for Allowance of Appeal, 533 Pa. 615, 618 A.2d 404.

The standard of review of this Court on an appeal of an order of the Workmen's Compensation Appeal Board is limited to determining whether a constitutional violation, an error of law or a violation of Board procedure has occurred and, whether the necessary findings of fact are supported by substantial evidence. *Pieper v. Ametek–Thermox Instruments,* 526 Pa. 25, 584 A.2d 301 (1990).

The employer contends that, as the claimant has voluntarily retired, and at the time he became totally disabled had no intention of returning to the work force, he has suffered no wage loss and is not entitled to benefits under the Act. The Commonwealth Court rejected this argument on the basis that the claimant did not unequivocally indicate that he had no plans to re-enter the work force, and further found that the

employer had failed to establish the availability of suitable work. That Court then concluded that the claimant's retirement status would not preclude him from receiving benefits under the Act.

We disagree with the Commonwealth Court's characterization of the facts. First, the claimant unequivocally stated on direct examination that he was retired. The referee found as a fact that the claimant had retired as of March, 1981. In addition, the claimant was 68 years of age in 1988. After 42 years in the coal mining industry it is highly unlikely that the claimant intended to re-enter the work force. Second, focusing on the employer's failure to show available work begs the question when the claimant clearly admits voluntary retirement from the work force. Given these facts, the Commonwealth Court's conclusion that retirement is not a bar to receiving benefits under the Act was improper.

The fact that the claimant is disabled in a manner which is compensable under the Act is only one aspect of establishing entitlement to benefits under the Act. In Pennsylvania, disability under the Act has always been synonymous with loss of earning power. *Kachinski v. Workmen's Compensation Appeal Board,* 516 Pa. 240, 532 A.2d 374 (1987); *Petrone v. Moffat Coal Company,* 427 Pa. 5, 233 A.2d 891 (1967); *Unora v. Glen Alden Coal Co.,* 377 Pa. 7, 104 A.2d 104 (1954); *Woodward v. Pittsburgh Engineering and Construction Co.,* 293 Pa. 338, 143 A. 21 (1928).

In *Unora* this Court discussed the importance of establishing both the medical and the economic aspects of a disability claim in order to ascertain entitlement to benefits under the Act.

[T]he disability concept is a blend of two ingredients, . . . . the first ingredient is disability in the medical or physical sense, as evidenced by obvious loss of members or by medical testimony that the claimant simply cannot make the necessary muscular movements and exertions; the second ingredient is de facto inability to earn wages, as evidenced by proof that claimant has not in fact earned anything . . . .

The proper balancing of the medical and the wage-loss factors, is, then, the essence of the 'disability' problem in workmen's compensation.

*Unora*, 377 Pa. at 12, 104 A.2d at 107, *quoting* Larson, *Workmen's Compensation Law* (Vol. 2, § 57).

*Unora* clearly established that entitlement to benefits under the Act is contingent upon proof that the claimant suffered an injury or disease in the work place *and* the injury or disease affects his or her ability to earn a wage. In the instant case the referee, the Board and the Commonwealth Court focused upon the fact that this claimant suffers from coal worker's pneumoconiosis that was clearly caused by his years within the coal mines, and that he is now totally disabled. Upon their conclusion that claimant has suffered an injury in the nature of an occupational disease, they awarded benefits. Nothing in the record speaks to whether or not this claimant's occupational injury caused a commensurate loss of earning power.

Had the claimant in this case established that he was forced into retirement by his disabling disease we would agree that his retirement would not bar his claim for worker's compensation benefits. In *Petrone v. Moffat Coal Company*, 427 Pa. 5, 233 A.2d 891 (1967) this Court addressed the issue of whether or not a coal miner forced into compulsory retirement at age 46, after 33 years in the mines, would be entitled to benefits. In that case, the Court offered the following guidance for determining when a claimant is unable to earn a wage due to his disability:

Total disability is a specific finding and not a general designation. Total disability refers and can only refer to individuals and not to masses or groups. A college professor with rheumatism in his limbs might still be able to teach, a professional author with tuberculosis might still be able to write books, but a compulsorily retired coal miner who has no training for anything but coal mining is totally disabled when he has no aptitude for remunerative work other than the one which requires muscular exertion.

If Petrone cannot mine coal or perform work which raises his biceps or the muscles in his back, he is incapable of producing income; he is without earning power.

*Petrone*, 427 Pa. at 8–9, 233 A.2d at 893.

▇ A disability which forces a claimant out of the work force and into retirement is compensable under the Act. But, where the claimant suffers a disability which has no effect upon his earning power, no entitlement to benefits arises under the Act. This particular aspect of the Workmen's Compensation Act was discussed in *Kachinski v. W.C.A.B.*, 516 Pa. 240, 532 A.2d 374 (1987) where the Court compared and contrasted the differences between the Workmen's Compensation Act and the Social Security Act[1]:

Social Security is a "comprehensive contributory insurance plan", the purpose of which "is to protect workers and their dependents from the risk of loss of income due to the insureds' old age, death or disability." The plan represents a "form of social insurance ... whereby persons gainfully employed, and those who employ them, are taxed in order to permit the payments of benefits...."

On the other hand, the workmen's compensation program is not a contributory insurance plan. Rather it is a means for the obtainment of compensation for injuries which has been substituted for common law tort actions between employees and employers....

In order to be eligible for disability benefits under the Social Security Act one must be unable "to engage in any substantial, gainful activity." However, a workmen's compensation claimant, while he must prove that he was injured during the course of his employment, **need only demonstrate that his injury causes him lost earning power.**

*Kachinski*, 516 Pa. at 245–46, 532 A.2d at 376–77 [citations omitted, emphasis added].

As further support for his position the claimant asserts that his retirement is not a bar to benefits, as the Act contemplates

1. *See,* 42 U.S.C. § 301 *et seq.*

just such an occurrence by providing for a 300 week period between the time the employee leaves the work place wherein he was exposed to the disease and when the claim for benefits must be filed. 77 P.S. § 411(2). Claimant's argument is without merit. The 300 week time limitation is very simply, a time period within which a claim must be filed. Time limitations are not elements of the underlying claim. The length of time within which to file an occupational disease merely reflects the fact that occupational diseases are latent and insidious in nature, often requiring years of incubation before they are discovered. *Ciabattoni v. Birdsboro Steel Foundry & Machine Co.*, 386 Pa. 179, 125 A.2d 365 (1956). We do not read this provision as an entitlement to retirement benefits as a result of the latent discovery of an occupational disease.[2]

■ Accordingly, as we find that this claimant offered no evidence that he was forced into compulsory retirement due to his disabling occupational disease, but rather, voluntarily retired from the work force in 1981, he is not entitled to benefits under the Workmen's Compensation Act.[3] Benefits under the Act will only be permitted where the disabling, work related injury or disease, results in a loss of earning power.

2. A claimant's entitlement to benefits under the Pennsylvania Workmen's Compensation Act (WCA) is distinguishable from a claimant's entitlement to benefits under the Pennsylvania Occupational disease Act (ODA). *See* 77 P.S. § 1201 et seq. Under the WCA benefits are awarded, as explained above, where the claimant has a disease or disability which directly affects earning power. Under the ODA benefits are awarded because the claimant suffers an occupational disease and the claimant's earning power is a consideration reflected only in the amount of benefits received, 77 P.S. § 1406.

We note, however, that this claimant would not be entitled to any benefits under the ODA as he is currently receiving benefits under the Federal Coal Mine Health and Safety Act, 30 U.S.C.A. § 801, and the two Acts are mutually exclusive. 77 P.S. § 1401(k).

3. Under other circumstances we would remand to the referee for a further clarification of this issue. However, in this case, the claimant in his reply brief asserts that he retired in 1981 because the employer closed the mining operation where he was employed at that time. This argument, although dehors the record, further illustrates the fact that this claimant never asserted, or could assert, that his disabling condition forced him out of the work force.

For the reasons stated herein, the decision of the Commonwealth Court is reversed.

PAPADAKOS, J., files a dissenting opinion.

MONTEMURO, J., is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1800, due to the unavailability of LARSEN, J., see No. 127 Judicial Administration Docket No. 1, filed Oct. 28, 1993.

PAPADAKOS, Justice, dissenting.

At the very least, under the majority's theory of the case, I would remand this matter to the referee for a determination as to whether or not the Claimant, after voluntarily retiring in 1981 from his career employment, ever intended to re-enter the workforce in any other capacity. I would not create an automatic presumption that voluntary retirement at a particular age means that one never intends to work again in any other endeavor.

On a more fundamental level, I believe the majority is wrong in their loose reading of our Workmen's Compensation Act. Nowhere does it say that retirement makes one ineligible for benefits. How could it when there are today few age bars to gainful employment? The majority decision is also contrary to comparable federal law. Under the Mine Safety and Health Act, 30 U.S.C.A. § 801, et seq., retirement before becoming totally disabled by pneumoconiosis does not deprive a miner of benefits. See, *Palmer Coking Coal Co. v. Director, Office of Worker's Compensation Programs of U.S. Department of Labor,* 720 F.2d 1054 (C.A.9 1983).

In light of the instant employer's failure to show available work, I would affirm the decision of the Commonwealth Court awarding benefits.