**CITY OF PHILADELPHIA, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (DEFRUSCIO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 12, 1997.

Decided May 23, 1997.

Reargument Denied July 17, 1997.

Robert W. Elias, Philadelphia, for petitioner.

Richard R. Di Stefano, Philadelphia, for respondent.

Before COLINS, President Judge, and McGINLEY, PELLEGRINI, FRIEDMAN, KELLEY, FLAHERTY, and LEADBETTER, JJ.

COLINS, President Judge.

Employer, City of Philadelphia, petitions for review of an order of the Workers' Compensation Appeal Board (Board),[1] affirming a decision of a Workers' Compensation Judge (WCJ) to grant partial and total disability benefits to Dennis Defruscio. On appeal to this Court, employer argues the Board erred in affirming the WCJ's finding that Defruscio

---

1. The Act of June 24, 1996, P.L. ___, amended Section 107 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 27, by renaming the Workmen's Com- pensation Appeal Board, as the Workers' Compensation Appeal Board, effective August 23, 1996.

(claimant or Defruscio) timely notified employer of his injury and the Board erred in not considering whether claimant's retirement was an impediment to an award of benefits. For the reasons set forth below, the order of the Board is reversed and modified accordingly.

Claimant was employed by the Philadelphia Fire Department from March, 1968 until March 6, 1992, when he retired. Following his retirement, claimant was examined by Herbert Kean, M.D., certified ear, nose, and throat physician. On February 22, 1993, Dr. Kean diagnosed claimant with high-frequency bilateral symmetrical hearing loss, caused by the noise of claimant's occupation as a fire fighter. Defruscio filed a claim petition on March 19, 1993 alleging that on March 6, 1992, he suffered a loss of hearing of both ears through 24 years of service as a fire fighter. Finding employer received timely notice of injury in March, 1992, the WCJ granted the claim petition based upon the credible testimony of claimant and Dr. Kean, and awarded claimant temporary partial and temporary total disability benefits. Employer appealed.

The Board affirmed the WCJ, finding claimant sustained his burden of proving timely notice of injury to employer. The Board found that Dr. Kean's testimony constituted the requisite substantial evidence needed to support the WCJ's conclusion that claimant suffered a work-related injury. The Board further found that substantial evidence supported the WCJ's conclusion that claimant did not remove himself from the work force, resulting in disability. Employer took an appeal to this Court, raising the same issues raised before the Board.

In considering appeals from the Board, this Court's scope of review is limited to determining whether constitutional rights have been violated, an error of law has been committed, or whether necessary findings of fact are supported by substantial evidence. *Harper & Collins v. Workmen's Compensation Appeal Board (Brown)*, 543 Pa. 484, 672 A.2d 1319 (1996). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *Beth-*

*energy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992). The issues presented are whether employer received notice of injury and whether claimant was disabled from the work force.

The claimant has the burden of establishing that the employer was given notice of the specific injury and that the claimant is disabled from the work force. *Pennsylvania Mines Corporation/Greenwich Collieries v. Workmen's Compensation Appeal Board (Mitchell)*, 166 Pa.Cmwlth.58, 646 A.2d 28 (1994). Whether a claimant gave notice in compliance with the statutory 120–day notice requirement is a question of fact for the WCJ. *Kelly v. Workmen's Compensation Appeal Board (Pepsi Cola Bottling Co. of Philadelphia)*, 166 Pa.Cmwlth.618, 647 A.2d 275, *petition for allowance of appeal denied*, 539 Pa. 693, 653 A.2d 1231 (1994).

Hearing loss has been defined as an injury resulting from repetitive trauma. *Hinkle v. H.J. Heinz Company*, 462 Pa. 111, 337 A.2d 907 (1975). If hearing loss is less than total, but is actually disabling, the notice requirements are the same as those for repeated aggravation or continuous trauma cases. This case involves less than total hearing loss; therefore, notice was due under the discovery rule set forth in Section 311 of the Act, 77 P.S. § 631.[2]

Section 311 of the Act, 77 P.S. § 631, states that an employee must provide an employer with notice of injury within 120 days after the date of the injury. The notice period is triggered on the date when the claimant knew or reasonably should have known the nature of the injury and its relationship to the employment. *USAir, Inc. v. Workmen's Compensation Appeal Board (Schwarz)*, 160 Pa.Cmwlth.100, 634 A.2d 714 (1993). There is no strong evidence that the work-related trauma was obvious to Defruscio; therefore, the notice provisions of the Act were not triggered at the time of claimant's retirement. Instead, the notice provisions of the Act were triggered on February 22, 1993, the date Defruscio was diagnosed

---

**2.** The Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 1–1041.4.

with a work-related hearing loss. Less than 120 days later, on March 19, 1993, Defruscio filed a claim petition seeking compensation. We conclude Defruscio timely notified employer of his hearing loss.

 Having concluded proper notice was given employer, and there being no dispute regarding the injury, we turn to whether claimant established a disability.[3] Disability is a claimant's loss of earning power. *Harbison–Walker v. Workmen's Compensation Appeal Board,* 40 Pa.Cmwlth. 556, 397 A.2d 1284 (1979). As a general rule, a claimant who suffers a work-related injury with no wage loss is not entitled to an award of benefits. *Canestrale v. Workmen's Compensation Appeal Board (Wheeling Pittsburgh Steel),* 160 Pa.Cmwlth.361, 634 A.2d 841 (1993). The receipt of retirement benefits will not impede a claimant's right to benefits if the claimant was forced into compulsory retirement due to a disabling work-related injury. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Petrisek),* 537 Pa. 32, 38, 640 A.2d 1266, 1270 (1994).

While the Board found claimant did not remove himself from the work place (Board opinion at pp. 10–11.), the Board completely disregarded the issue of whether claimant was forced into retirement by a disabling work-related injury. After extensively reviewing the record, we find claimant offered no evidence meeting the requirements set forth in *Republic Steel.* We are especially cognizant of the fact that employer was not advised that claimant's retirement resulted from claimant's diminished hearing capacity.

 "In Pennsylvania disability under the Act has always been synonymous with loss of earning power." *Republic Steel,* 537 Pa. at 35, 640 A.2d at 1268 (citations omitted). Therefore, "entitlement to benefits under the Act is contingent upon proof that the claimant suffered an injury or disease in the work place *and* the injury or disease affects his or her ability to earn a wage." *Republic Steel,* 537 Pa. at 36, 640 A.2d at 1268 (citing

*Unora v. Glen Alden Coal Co.,* 377 Pa. 7, 104 A.2d 104 (1954)). Claimant has established that he was injured in the work place, but has failed to establish the injury has affected his ability to earn a wage.

The record discloses that claimant retired from the Philadelphia Fire Department at the age of 54, after 24 years of service. At the time of retirement, claimant was aware of his diminished hearing ability and its negative impact on his ability to perform his "time of injury" job. What claimant did not know at retirement was that his hearing difficulties were work related. Claimant did not seek medical advice for the hearing problem until a year after retirement. After examination by Dr. Kean, claimant was advised his hearing problem was work related, and timely notice of the problem was given to employer. Dr. Kean opined that claimant was unable to perform his "time of injury duties." Claimant's time of injury duties involved communications over the radio. There is no medical evidence establishing claimant was totally disabled from the fire department. Rather, the evidence is limited to claimant's duties involving the communication system. Furthermore, there is no evidence that claimant informed employer that he was having trouble performing his job duties or that employer refused to modify claimant's responsibilities. In short, claimant elected to retire after 24 years of service but failed to establish the retirement was compelled by his diminished hearing ability. Therefore, the grant of the claim petition was correct, enabling claimant to recover reasonable and necessary medical expenses. However, claimant failed to establish that he was forced into retirement because of his work-related injury and that his work-related injury had any effect upon his earning power.[4] Therefore, in accord with the holding in *Republic Steel,* the decision of the Board must be reversed to the extent that it affirmed the grant of partial and total disability benefits.

**3.** We note that the WCJ did not find that claimant suffered a specific loss.

**4.** There is evidence of record establishing that claimant sought employment after retirement. However, there is no evidence that claimant was denied employment as a result of his diminished hearing capacity.

## ORDER

AND NOW, this 23rd day of May, 1997, the order of the Workers' Compensation Appeal Board is reversed in part, and the case is remanded to the Board for modification of benefits consistent with this opinion.

Jurisdiction relinquished.