## Nancy JOHNSTON, Petitioner,

### v.

## WORKERS' COMPENSATION APPEAL BOARD (LEADER NURSING HOME), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 9, 2000.

Decided July 23, 2001.

David W. Knauer, Mechanicsburg, for petitioner.

William A. Addams, Carlisle, for respondent.

Before PELLEGRINI and FLAHERTY, Judges, JIULIANTE, Senior Judge.

FLAHERTY, Judge.

Nancy Johnston (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge denying Claimant's Penalty Petition. We affirm.

Pursuant to a Notice of Compensation Payable, Claimant began receiving compensation benefits for a work-related back injury that she sustained on March 24, 1986 while working for Leader Nursing Home (Employer). On March 7, 1989, Claimant filed a Claim Petition seeking payment of medical bills for the treatment of a non work-related psychological condition that she alleged was aggravated by the March 24, 1986 injury. A workers' compensation judge granted this Claim Petition on February 11, 1991 and ordered that "the claimant's petition for compensation for work related aggravation of her pre-existing psychological injury is granted and [Employer] is ordered to pay and or reimburse the claimant as appropriate for the cost of said treatment of the claimant's psychological injuries. [Employer] is further ordered to pay for ongoing treatment of the claimant's aforesaid psychological injury on an as and when needed basis.

The fee agreement is approved and twenty percent (20%) of compensation shall be paid to claimant's counsel." (R.R. at 7a–8a) (emphasis added).

On August 6, 1998, Claimant filed a Penalty Petition alleging that a workers' compensation judge "ordered in part that [Employer] pay for on-going treatment of the Claimant's pre-existing psychological injury and that the Claimant's counsel's fee of 20 percent was approved and shall be paid.... [Employer] has violated 77 P.S. § 971(b)[1] in that it has failed to pay Claimant's counsel's 20 percent fee on the Claimant's on-going medical/psychological treatment." Employer did not file an Answer.

On April 21, 1999, the WCJ issued a decision and order finding that Employer is not required to pay attorney's fees on Claimant's ongoing medical treatment because the workers' compensation judge "did not specifically order payment of or a deduction of the twenty percent (20%) fee from medical bills." Accordingly, the WCJ denied and dismissed Claimant's Penalty Petition. Claimant appealed to the Board, which affirmed the decision of the WCJ. This appeal followed.[2]

Claimant argues that the order of the workers' compensation judge dated February 11, 1991 provides that Employer is ordered pay Claimant's 20% attorney's fee. We disagree.

Section 440 of the Act provides, in pertinent part:

.... the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: *Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.*

77 P.S. § 996 (emphasis added).

A review of the February 11, 1991 decision reveals that the workers' compensation judge clearly did not order Employer to pay Claimant's attorney's fee. Rather, he merely approved the fee agreement between Claimant and her attorney.[3] Our conclusion is supported by the fact that, with regard to attorney's fees, the order only states that "[t]he fee agreement is approved and twenty percent (20%) of compensation shall be paid to claimant's counsel." Additionally, the workers' compensation judge does not make a finding that Employer presented an unreasonable contest, which, pursuant to Section 440, is a finding that must be made before attor-

---

**1.** Section 430(b) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2606, which provides, in pertinent part: "[a]ny insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty ..."

**2.** This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Petrisek),* 537 Pa. 32, 640 A.2d 1266 (1994).

**3.** According to Finding of Fact No. 11 of the WCJ's decision, during the hearings for the Penalty Petition that is the subject of the case *sub judice,* "counsel for the Claimant, in the instant litigation, did not produce the fee agreement in question at the time of the [workers' compensation judge's] February 13, 1991 decision."

ney's fees can be awarded. The absence of this finding is a clear indication that the workers' compensation judge did not intend for Employer to pay Claimant's attorney's fee. Therefore, the WCJ did not err by denying and dismissing Claimant's Penalty Petition.

Accordingly, the order of the Board is hereby affirmed.

### ORDER

AND NOW, July 23, 2001, the order of the Workers' Compensation Appeal Board docketed at A99-1441 and dated April 12, 2000 is hereby AFFIRMED.