**Thomas J. PLAUGHER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (REI ASSOCIATES AND S.W.I.F.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 17, 2002.

Decided Jan. 8, 2003.

---

Thomas More Holland, Philadelphia, for petitioner.

Sam S. Auslander, Collingdale, for respondents.

BEFORE: FRIEDMAN, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Thomas Plaugher (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ) granting the Termination Petition filed by REI Associates (Employer) and dismissing the Review Petitions filed by Claimant. We vacate and remand for the reasons set forth below.

Pursuant to a Notice of Compensation Payable, Claimant began receiving compensation benefits for a work-related lumbar strain that occurred on August 14, 1997. Thereafter, Employer filed a Termination Petition alleging that, as of January 26, 1999, Claimant fully recovered from her work-related injury. Claimant filed an Answer denying the allegations set forth in Employer's Termination Petition.

In support of the Termination Petition, Employer scheduled the deposition testimony of John C. Baker, M.D. for July 21, 1999. By a Notice of Deposition dated July 14, 1999, Employer notified Claimant's current attorney of this deposition. Claimant's attorney received this notice on July 15, 1999. Also on July 15, 1999, Claimant's attorney sent Employer's attorney and the WCJ a letter objecting to the deposition because he was not provided with timely notice of it and informing them that he could not attend the deposition because he had another deposition scheduled for that day. However, Employer proceeded with the deposition anyway without Claimant's attorney being present. At the deposition, Employer's attorney stated that Claimant's attorney had objected to the deposition but that the WCJ "never rendered a decision on that objection. I had called [the WCJ's] office today prior to the deposition. He was not present and did not render a decision. Notifi-

cation of the deposition was properly provided to claimant's prior counsel and, also, to claimant's present counsel ... Defense counsel is going to proceed with the deposition today and will make Dr. Baker available for cross-examination *at claimant's expense*" (N.T. 7/21/99, p. 4) (emphasis added). Thereafter, the WCJ sent a letter dated July 21, 1999 to both Claimant's and Employer's attorneys stating that "[t]he Claimant's objection to Defendant's medical expert deposition is *overruled*" (Claimant's exhibit No. 1, emphasis in original).

At the December 9, 1999 hearing before the WCJ, Employer's attorney offered into evidence the deposition testimony of Dr. Baker. Claimant's attorney placed a hearsay objection to Dr. Baker's testimony on the record on the grounds that he did not have an opportunity to cross-examine Dr. Baker. The WCJ overruled Claimant's objection, although he did note that "Claimant's counsel is correct that they did not get notice of my ruling until after the deposition took place" (N.T. 12/09/99, p. 3). The WCJ did, however, give Claimant 30 days to determine whether he wanted to cross-examine Dr. Baker and 90 days in which to present evidence in defense of the Termination Petition. Claimant's attorney also noted that he was not notified of the deposition in accordance with the rules. Apparently, Claimant's attorney was referring to the fact that the notice of deposition must be served at least 15 days before the deposition. Employer's attorney responded that:

> Your honor, with all due respect *prior counsel had entered their appearance in this particular matter, and notice was properly forwarded well in excess of the time limitations set by the rules.* Counsel before the bar today is counsel that appeared at the time of the objection. He had notice as a courtesy because he had not entered his appearance before you even as of the date of the objection

that was filed. The attorney of record was the attorney who appeared initially. I was doing it as a matter of courtesy to counsel

(N.T. 12/09/99, pp. 6–7) (emphasis added).

On July 24, 2000, Claimant filed a Review Petition/Review Medical Petition asserting that the work-related injury is described incorrectly and that his condition has worsened. The Petition also states that "[t]his is to be otherwise construed as a miscellaneous petition to reopen the record based on after acquired evidence." However, Claimant never cross-examined Dr. Baker or submitted any other evidence.

In a decision and order circulated on August 22, 2000, the WCJ accepted the testimony of Dr. Baker as credible and concluded that Employer sustained its burden of proving that Claimant fully recovered from his work-related injury. Accordingly, the WCJ granted Employer's Termination Petition. The WCJ also issued an order on August 24, 2000 dismissing Claimant's Review and Review Medical Petitions. Claimant appealed to the Board, which affirmed the decision of the WCJ based on Section 131.3(a) of the Special Rules of Administrative Practice and Procedure Before Workers' Compensation Judges (Rules), which provides that:

> (a) The referee may, for good cause, waive or modify a provision of this chapter upon motion of a party, agreement of all parties or upon the referee's own motion.

34 Pa.Code § 131.3(a). The Board concluded that, because the WCJ gave Claimant the opportunity to cross-examine Dr. Baker at a later date, he in effect modified Section 131.65 of the Rules "and any prejudice to Claimant in [Employer's] taking of the deposition prior to the [WCJ's] ruling was cured. Thus, the [WCJ] did not

err in admitting the deposition of Dr. Baker." This appeal followed.[1]

On appeal, Claimant argues that because the WCJ had not yet ruled on his objection to the taking of Dr. Baker's testimony before Employer proceeded with the deposition, the deposition was stayed until it was ordered to be held by the WCJ pursuant to Section 131.65(a) of the Rules. Because the deposition was stayed, Claimant argues that the WCJ erred by admitting Dr. Baker's testimony into evidence over his objection and by putting the burden, and cost, on Claimant to reschedule the deposition for the purpose of cross-examining Dr. Baker. Claimant further argues that Employer violated the Rules by failing to notify him of the deposition at least 15 days before it was scheduled.

The procedure for scheduling a deposition is set forth in the Rules, which provides that "[t]he notice of an oral deposition shall be served at least *15 days* prior to the date scheduled for the taking of the deposition." 34 Pa.Code § 131.64(a) (emphasis added). If a party wishes to object to a deposition, Section 131.65 of the Rules provides that:

(a) A party or witness may object to the oral deposition by serving, *at least 7 days prior to the scheduled date of the oral deposition,* a written notice upon the party who has scheduled the oral deposition, counsel of record, unrepresented parties and the referee. The objections shall state the specific reason supporting the objections. *The objections shall stay the deposition until it is ordered to be held by the referee.*

(b) A party or witness may request a ruling on objections by filing a written request with the referee, which shall be accompanied by a copy of the notice of an oral deposition, any subpoena and the objections lodged as required by subsection (a). The requesting party shall serve a copy of the request for ruling on counsel of record, unrepresented parties and the objecting witnesses.

(c) Upon receipt of a request for ruling, as specified in subsection (b), the referee will, after giving parties and objecting witnesses notice and opportunity to be heard by written submission, in person, or by telephone conference, as the referee may direct, rule on the objections within 5 working days after the parties and objecting witnesses are heard.

34 Pa.Code § 131.65 (emphasis added). Additionally, Section 131.66(a) provides that:

(a) Oral depositions taken in accordance with §§ 131.62–131.65 or upon waiver of the formal requirements of those sections *by agreement of all parties* will be admissible at the time of hearing or by mail if allowed by the referee in the same manner as if the deponent appeared before the referee and testified.

34 Pa.Code § 131.66(a) (emphasis added).

 Initially, we note that although Section 131.3(a) of the Rules gives the WCJ the power to waive or modify the Rules, we do not agree with Board that the WCJ may retroactively modify Section 131.65 of the Rules. The parties act in reliance upon the various time limitations set forth in the Rules and, for this reason, Section 131.66(a) provides that all the parties must agree before the formal requirements of Sections 131.62–131.65 can be

---

1. This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corporation v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994).

waived. Thus, the Board erred in this regard.

 Second, in this case, the record shows that Employer's notice of the July 21, 1999 deposition was sent to Claimant's current attorney on July 14, 1999, which is less than 15 days before the deposition, and that Claimant did not object to the July 21, 1999 deposition until July 15, 1999, which is six days before the deposition. As set forth above, Section 131.64(a) of the Rules provides that the notice of deposition must be served at least 15 days prior to the deposition and Section 131.65(a) requires that objections to depositions must be made at least seven days prior to the date of the scheduled deposition. At the hearings before the WCJ, however, Employer's attorney indicated that Claimant's prior attorney was served with notice of the deposition more than 15 days before it was scheduled in accordance with the Rules. However, Employer's attorney submitted no evidence into the record to support this assertion. If Claimant's prior attorney did in fact receive notice of the deposition in accordance with Section 131.64(a) of the Rules, then the WCJ's actions were proper because Claimant, despite receiving proper notice, did not object to the deposition at least seven days before it was scheduled and Employer did not violate the Rules by proceeding with the deposition. If Claimant's prior attorney did *not* receive this notice, however, then the WCJ's actions were improper because Employer's violation of the Rules would have made it impossible for Claimant to comply with the seven day rule set forth Section 131.65(a) of the Rules. Then, the burden would properly be on Employer to reschedule and pay for the deposition. However, the WCJ failed to make a Finding of Fact as to when and if

Claimant's prior attorney received notice of the deposition. The Reproduced Record does not contain a copy of any documentary evidence of notice to prior counsel. Because the WCJ failed to make this crucial finding, we are unable to conduct an effective appellate review of the decisions of the WCJ and the Board. Thus, the Board's order must be vacated and this case must be remanded to the Board, for further remand to the WCJ, to allow the WCJ to make a finding in this regard based on substantial evidence and to render a new decision. On remand, the WCJ should open the record and allow the parties to submit any additional evidence relevant to when and if Claimant's prior attorney received notice of the deposition.[2]

### *ORDER*

AND NOW, January 8, 2003, the order of the Workers' Compensation Appeal Board docketed at A00–2348/A00–2349 and dated December 11, 2001 is hereby VACATED and this case is REMANDED for the reasons set forth in the foregoing opinion.

Jurisdiction relinquished.

---

2. In his brief, Claimant also notes that the Notice of Compensation Payable was never submitted into evidence. This omission should also be corrected on remand.