CAREERS EXPRESS AND STATE
WORKERS' INSURANCE
FUND, Petitioners,

v.

WORKERS' COMPENSATION
APPEAL BOARD (GOOD-
MAN), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 10, 2003.
Decided March 31, 2003.

Sean F. Farrell, Philadelphia, for peti-
tioner.

Lisa A. Lesh, Philadelphia, for respon-
dent.

BEFORE: COLINS, President Judge,
FRIEDMAN, Judge, and FLAHERTY,
Senior Judge.

OPINION BY Senior Judge
FLAHERTY.

Careers Express (Employer) appeals
from an order of the Workers' Compensa-
tion Appeal Board (Board) which reversed
the decision of a Workers' Compensation
Judge (WCJ) granting Employer's Termi-
nation Petition. We affirm.

Pursuant to a Notice of Compensation
Payable, Michael Goodman (Claimant) be-
gan receiving benefits for a lumbosacral
sprain/strain that occurred on December
16, 1999. Thereafter, Employer filed a
Termination Petition alleging that Claim-
ant was capable of returning to work as of
February 21, 2000. Claimant filed an An-
swer denying the allegations set forth in
the Termination Petition.

In support of the Termination Petition, Employer presented the testimony of Maxwell Stepanuk, D.O., a board-certified orthopedic surgeon who examined Claimant on February 3, 2000. After the examination, Dr. Stepanuk diagnosed Claimant as suffering from a lumbar sprain and strain. Dr. Stepanuk recommended that Claimant continue with his therapy program, continue taking his medication, return to light duty on February 7, 2000 and then return to his regular duties two weeks later on February 21, 2000. When asked whether Claimant had fully recovered from his work-related injury, Dr. Stepanuk replied that "my opinion, within a reasonable degree of medical certainty, was that he was fully recovered as of 2/21/00." (N.T. 10/16/00, p. 10). The WCJ accepted the testimony of Dr. Stepanuk as credible.

Claimant presented the testimony of his treating physician, John J. Bowden, Jr., D.O., who is board-certified in family medicine and pain management. Dr. Bowden began treating Claimant on April 12, 2000 and he most recently evaluated Claimant on February 16, 2001. Dr. Bowden testified that, on that date, Claimant continued to have pain in his lower back area and a restriction of his range of motion. Dr. Bowden diagnosed Claimant with post-traumatic lumbar myoligamentous spinal supporting structure injury and post-traumatic chronic pain syndrome of the lumbar spine that was caused by the work-related injury. Based on this diagnosis, Dr. Bowden concluded that Claimant was not capable of returning to his pre-injury job. The WCJ rejected the testimony of Dr. Bowden as not credible.

■ By decision and order circulated on December 11, 2001, the WCJ concluded that Employer met its burden of proving that Claimant fully recovered from his work-related injury. Accordingly, the WCJ granted Employer's Termination Petition. On appeal, the Board concluded that Dr. Stepanuk's opinion on February 3, 2000 as to Claimant's condition at a future date was speculative. Therefore, the Board determined that his opinion was not competent to support a termination of Claimant's benefits. Accordingly, the Board reversed the decision of the WCJ. In support of its decision, the Board cited *Hyman S. Caplan Pavilion v. WCAB* (*Dullebawn*), 735 A.2d 147 (Pa.Cmwlth. 1999). This appeal followed.[1]

■ On appeal, Employer argues that the Board misapplied the holding of *Dullebawn* and that it therefore erred as a matter of law by reversing the decision of the WCJ.

■ In a termination proceeding, the burden of proof is on the employer to establish that the claimant has fully recovered from his work-related injury. *Udvari v. Workmen's Compensation Appeal Board* (*USAir, Inc.*), 550 Pa. 319, 327, 705 A.2d 1290, 1293 (1997). The employer meets this burden when its medical expert "unequivocally testifies that it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury." *Id.*

In *Dullebawn*, the employer's medical expert, who examined the claimant on October 6, 1995, testified that he expected that the claimant could perform a job of-

---

1. This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corporation v. Workmen's Compensation Appeal Board* (*Petrisek*), 537 Pa. 32, 640 A.2d 1266 (1994).

fered by employer by mid-November 1995. The WCJ accepted the testimony of the employer's medical expert as credible and suspended the claimant's partial disability benefits effective November 15, 1995. On appeal, the Board reversed the WCJ's suspension of Claimant's benefits because the testimony of employer's medical expert was speculative. On appeal to this Court, we agreed with the Board because "there is no testimony by the doctor in this case that Claimant had in fact recovered as of November 15, 1995 ... [the doctor's] "expectations" are based on an assumed course of events of which [he] could have no knowledge." *Id.* at 151.

In its brief, Employer asserts that this case is distinguishable from *Dullebawn* because Dr. Stepanuk returned Claimant to work on the following Monday, which was February 7, 2000, and then indicated a two week period of light-duty work for the sole purpose of allowing Claimant to become re-acclimated with his work-schedule. We disagree. After reviewing Dr. Stepanuk's testimony, it is evident that he never indicated that this was why he returned Claimant to work on February 21, 2000. Like the doctor in Dullebawn, Dr. Stepanuk did not testify that Claimant could return to work as of the day of the examination. Rather, Dr. Stepanuk speculated that Claimant would be able to return to work at some time in the future. Therefore, we must agree with the Board that Dr. Stepanuk's testimony was not sufficient to support a termination of Claimant's benefits.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, March 31, 2003, the order of the Workers' Compensation Appeal Board docketed at A01–3603 and dated July 30, 2002 is hereby AFFIRMED.