IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert and Rosemary McHenry | : | |
| | : | |
| v. | : | |
| | : | |
| The Goodyear Tire & Rubber | : | |
| Company, Air & Liquid Systems | : | |
| Corporation, Cameron International | : | |
| Corporation, Carrier Corporation, | : | |
| Certainteed Corporation, Compudyne | : | |
| Corporation, Federal-Mogul/Felt | : | |
| Products, Flowserve Corporation/ | : | |
| Durco/Duriron, Flowserve Corporation/ | : | No. 373 C.D. 2022 |
| IDP Pumps, FMC Corporation, Ford | : | Argued: March 6, 2023 |
| Motor Company, Foster Wheeler LLC, | : | |
| Gardner Denver, Inc., Genuine Parts | : | |
| Company/Napa Auto Parts, Goodrich | : | |
| Corporation, Goodyear Canada, Greene | : | |
| Tweed & Company, IMO Industries, | : | |
| Ingersoll-Rand, ITT LLC, Keystone | : | |
| Discount Tires, Metropolitan Life | : | |
| Insurance Company, The Nash | : | |
| Engineering Company, Schneider | : | |
| Electric USA, Inc., f/k/a Square D | : | |
| Company, Trane U.S., Inc., Velan | : | |
| Valve Corporation, Viking Pumps, | : | |
| Inc., Warren Pumps, Western | : | |
| Auto Supply, and Zurin Industries | : | |
| | : | |
| Appeal of: The Goodyear Tire & | : | |
| Rubber Company | : | |

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                   HONORABLE ELLEN CEISLER, Judge
                   HONORABLE LORI A. DUMAS, Judge

OPINION
BY JUDGE DUMAS                                        FILED: November 14, 2023

          The Goodyear Tire and Rubber Company (Goodyear) appeals by

permission from the order entered by the Philadelphia County Court of Common

Pleas (trial court) on January 20, 2022, which denied without prejudice Goodyear's motion to dismiss for lack of subject matter jurisdiction. Upon review, the matter is largely controlled by this Court's recent decision in *Herold v. University of Pittsburgh*, 291 A.3d 489 (Pa. Cmwlth.), *appeal granted* (Pa., No. 94 WAL 2023, filed October 13, 2023), which recognized an exception to the exclusive remedy defined in the workers' compensation system when latent occupational disease is not compensable. Thus, for the following reasons, we affirm.

## I. BACKGROUND[1]

On August 14, 2018, Robert and Rosemary McHenry (collectively, McHenry)[2] commenced this civil tort action in the trial court, alleging that McHenry had contracted asbestosis from exposure to asbestos-containing products during his lifetime. McHenry worked as a mechanic for Goodyear for approximately 12 months, from 1990 until 1991, in Philadelphia and in New Jersey. McHenry received his diagnosis in May 2017.

On May 5, 2021, Goodyear filed a motion to dismiss for lack of subject matter jurisdiction. According to Goodyear, any claims by McHenry arising from his employment with Goodyear are subject to the exclusive and primary jurisdiction of the Workers' Compensation Appeal Board (Board). *See* Mot. to Dismiss at 4 (citing in support The Pennsylvania Occupational Disease Act (ODA)[3]). The trial court denied the motion without prejudice. *See* Trial Ct. Order, 1/20/22.

---

[1] There are limited relevant facts at this stage of the proceedings; we derive these facts from the pleadings, relevant motions, and Robert Henry's deposition. *See* Second Am. Compl., 3/13/19; Robert McHenry Dep., 9/9/19; Mot. to Dismiss, 5/5/21.

[2] "McHenry" shall refer to Robert McHenry, individually, or to Robert and Rosemary McHenry, collectively.

[3] Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §§ 1201-1603.

In support of its decision, the trial court reasoned that the courts of common pleas have unlimited original jurisdiction over all actions and proceedings except as otherwise provided by law. *See* Trial Ct. Op., 8/11/22, at 2-3 (citing 42 Pa.C.S. § 931(a)). The court specifically rejected Goodyear's reliance on the exclusivity provision found at Section 303 of the ODA, 77 P.S. § 1403.[4] According to the trial court, while that provision may ultimately affect the court's ability to grant McHenry relief, that provision did "not affect its ability to enter into the inquiry of whether [McHenry] has a meritorious claim." Trial Ct. Op. at 3 (cleaned up). Moreover, the trial court found persuasive the Pennsylvania Supreme Court's decision in *Tooey v. AK Steel Corp.*, 81 A.3d 851 (Pa. 2013), which held that claims arising from latent occupational disease that manifests beyond the limitations provision found in the Workers' Compensation Act (WCA)[5] fell outside the jurisdiction of the Board. *See* Trial Ct. Op. at 3-4. For these reasons, the trial court concluded that (1) "litigation of the merits of whether . . . McHenry's claim is barred by the ODA is not properly raised in a subject matter jurisdiction motion" and (2) is more properly raised in a motion for summary judgment. *Id.* at 4.

---

[4] Section 303 of the ODA provides:

> Such agreement shall constitute an acceptance of all the provisions of article three of this act, and shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any disability or death resulting from occupational disease, or to any method of determination thereof, other than as provided in article three of this act. Such agreement shall bind the employer and his personal representatives, and the employe, his or her wife, or husband, widow or widower, next of kin, and other dependents.

77 P.S. § 1403. The "agreement" is "actually a conclusive presumption that both the employer and the employee have agreed to be bound by all of the provisions of the statute." *Barber v. Pittsburgh Corning Corp.*, 555 A.2d 766, 769 n.9 (Pa. 1989).

[5] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

3

## II. ISSUE

This Court granted Goodyear leave to appeal from the trial court's interlocutory order and certified the following issue:

> Whether the trial court erred or abused its discretion in exercising subject matter jurisdiction over, and refusing to dismiss or stay Respondents/Appellees' common law claim against Petitioner/Appellant, where Respondent/ Appellee Robert McHenry has been diagnosed with asbestosis and failed to provide the workers' compensation authorities an opportunity to determine whether his claims are within the exclusive remedies of [T]he [Pennsylvania] Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §§ 1201-1603.

Cmwlth. Ct. Order, 6/9/22, at 2 (unpaginated).

## III. DISCUSSION[6]

### A. The Parties' Arguments

Goodyear contends that the trial court erred in denying its motion to dismiss. Pet'r's Br. at 10. The company notes that subject matter jurisdiction relates to the competency of a court to address a controversy, that lack of subject matter jurisdiction is a non-waivable defense, and that it may be raised at any time. *Id.* Citing in support the ODA's exclusivity provision, Goodyear maintains that the Board has exclusive jurisdiction over McHenry's claims. *Id.* at 10-11.

According to Goodyear, there can be no dispute that McHenry's asbestosis is an occupational disease covered under the ODA. *See id.* at 16; *see also* Section 108(l) of the ODA, 77 P.S. § 1208(l). Pursuant to a limitations period

---

[6] The issue certified for appeal presents a question of law. Thus, our standard of review is *de novo*, and our scope of review is plenary. *Tooey*, 81 A.3d at 857. Further, "[w]hether a court has subject matter jurisdiction over an action is a fundamental issue of law which may be raised at any time in the course of the proceedings, including by a reviewing court *sua sponte*." *Mazur v. Trinity Area Sch. Dist.*, 961 A.2d 96, 101 (Pa. 2008).

4

defined in the ODA, McHenry was required to file a claim within four years of his last workplace exposure to asbestos. *See* Pet'r's Br. at 16 (citing Section 301(c) of the ODA, 77 P.S. § 1401(c)[7]). However, Goodyear further directs the Court's attention to a savings clause found at Section 301(i) of the ODA, 77 P.S. § 1401(i).[8] *See id.* at 17. According to Goodyear, this savings clause serves as a remedial provision, ensuring that employees with latent asbestosis receive compensation even if it were to manifest beyond the four-year limitations period. *See id.* at 17-19.

In the alternative, *i.e.*, if the Court decides against outright dismissal of McHenry's complaint, Goodyear invokes the doctrine of primary jurisdiction and asserts that McHenry must first exhaust his administrative remedies under the ODA

---

[7] Section 301(c) of the ODA provides:

> Compensation for the occupational diseases enumerated in this act shall be paid only when such occupational disease is peculiar to the occupation or industry in which the employe was engaged and not common to the general population. Wherever compensable disability or death is mentioned as a cause for compensation under this act, it shall mean only compensable disability or death resulting from occupational disease and occurring within four years after the date of his last employment in such occupation or industry.

77 P.S. § 1401(c).

[8] Section 301(i) of the ODA provides in relevant part:

> Notwithstanding any other provisions of this act, compensation for silicosis, anthraco-silicosis, coal worker's pneumoconiosis, and asbestosis shall be paid for each month beginning with the month this amending act becomes effective, or beginning with the first month of disability, whichever occurs later, at the rate of seventy-five dollars ($75) per month, to every employe totally disabled thereby as a result of exposure thereto, who has not theretofore been compensated because his claim was barred by any of the time limitations prescribed by this act, and shall continue during the period of such total disability.

77 P.S. § 1401(i).

before pursuing a civil claim. *See id.* at 21-23.[9] Therefore, according to Goodyear, even if the trial court was unprepared to dismiss McHenry's civil claims, it should have stayed McHenry's claims pending disposition of an ODA claim by the Board. *See id.* at 20-25, 31.[10]

In response to these arguments, McHenry asserts that the exclusivity provision of the ODA does not divest the courts of common pleas of jurisdiction to consider common law claims. *See* Resp't's Br. at 8. According to McHenry, it is "sheer nonsense" and "would be a colossal waste of time and money" for him to pursue an administrative claim under the ODA before the Board. *Id.* at 9, 10. Noting that he retired from the workforce 17 years before the onset of his disease, McHenry suggests that he is not "disabled" by asbestosis as that term of art is understood in the workers' compensation system. *Id.* at 10. Rather, according to McHenry,

_____

[9] Goodyear seemingly conflates exclusive jurisdiction, *Auer* deference, and the doctrine of primary jurisdiction. *See* Pet'r's Br. at 21-22. It is important to keep these concepts distinct. It has long been presumed that the Board has exclusive jurisdiction to consider and administer claims by those employees who suffer from occupational disease. *See Barber*, 555 A.2d at 769; *Wagner v. Nat'l Indem. Co.*, 422 A.2d 1061, 1065 (Pa. 1980); *Smith v. Bureau of Workers' Comp.*, 537 A.2d 61, 63 (Pa. Cmwlth. 1988). *Auer* deference refers to courts' deference to agencies' reasonable readings of genuinely ambiguous regulations. *See Kisor v. Wilkie*, 139 S. Ct. 2400, 2408 (2019); *Auer v. Robbins*, 519 U.S. 452 (1997); *Dep't of Env't Prot. v. Clearfield Cnty.*, 283 A.3d 1275, 1284 n.16 (Pa. Cmwlth. 2022). The Court is not asked to construe any regulation in this case; therefore, the concept is irrelevant here. The doctrine of primary jurisdiction promotes consistent and coherent administrative policy, generally requires preliminary resort to the agency that administers the administrative regime, and therefore involves judicial abstention to protect the integrity of a regulatory scheme. *See Elkin v. Bell Tel. Co. of Pa.*, 420 A.2d 371, 376 (Pa. 1980); *Greer v. U.S. Steel Corp.*, 380 A.2d 1221, 1223 (Pa. 1977).

[10] In passing, Goodyear also asserts that the amount of any potential recovery, which could be significantly less under the ODA than the civil tort system, is immaterial. *See* Pet'r's Br. at 24 (citing *Gabel v. Rohm & Haas Co.*, 385 A.2d 576, 578 (Pa. Super. 1978)). This may be accurate, but it does not appear to be a reason specifically advanced by McHenry in filing a civil action. Nevertheless, it is hard to ignore that the potential relief due McHenry under the ODA is paltry. For those claimants who do not file a claim within the four-year limitations period, compensation for asbestosis is fixed at seventy-five dollars ($75) per month. *See* Section 301(i) of the ODA, 77 P.S. § 1401(i).

6

disability from occupational disease is not presumed, nor is the existence of disease *per se* compensable because disability is synonymous with loss of earning power. *Id.* at 12.

Regarding the exclusivity provision of the ODA, McHenry argues that a party surrenders the right to pursue compensation in the manner of his or her choosing *only* where that party seeks compensation for disability or death. *Id.* at 13. Here, because he has never asserted a disability, McHenry contends that the exclusivity provision does not apply. *See id.* at 13-14 (citing *Republic Steel Corp. v. Workmen's Comp. Appeal Bd. (Petrisek)*, 640 A.2d 1266 (Pa. 1994)).[11, 12]

### B. Analysis

### *1. Appellate jurisdiction rests in this Court*

Initially, we acknowledge that McHenry has objected to jurisdiction in this Court, asserting rather that the Superior Court is the proper forum for this appeal. *See* Resp't's Obj. to Jurisdiction, 4/25/22; Resp't's Br. at 4-7. We disagree.

---

[11] In *Petrisek*, the Supreme Court denied benefits under the WCA, not the ODA; however, the facts were similar: the claimant had voluntarily retired from the coal mining industry at the age of 61; seven years later, the claimant was diagnosed with coal worker's pneumoconiosis; and the Supreme Court determined that the claimant could not establish disability. *Petrisek*, 640 A.2d at 1268. Despite an opportunity to do so, Goodyear does not specifically challenge McHenry's reliance on *Petrisek*. *See* Pet'r's Reply Br. at 15-19 (renewing its assertion that primary jurisdiction is vested in the Board).

[12] As noted, the trial court found persuasive the Supreme Court's decision in *Tooey*. *See* Trial Ct. Op. at 3-4. Unsurprisingly, the parties also dispute the significance of that precedent. Goodyear asserts that the *Tooey* Court's analysis is inapposite because the WCA and ODA are separate laws and provide for distinct systems of recovery. *See* Pet'r's Br. at 11. McHenry points to similarities found in the exclusivity provisions of these laws and suggests that *Tooey* is therefore persuasive. *See* Resp't's Br. at 15-17. Their arguments were filed in this Court prior to our decision in *Herold*, in which this Court presented a discrete analysis of the ODA exclusivity provision, *see Herold*, 291 A.3d at 500-05, and concluded that "absent compensable disability or death," an employee does not surrender "the rights to pursue compensation in a manner of the employee's choosing." *Id.* at 506.

7

Appellate jurisdiction properly rests in this Court rather than the Superior Court. "[T]he underlying principles of workers' compensation law are traditionally within this Court's province." *Wilson v. Travelers Cas. & Sur. Co.*, 88 A.3d 237, 245 (Pa. Cmwlth. 2013). Further, the issue presented requires the interpretation, application, and enforcement of Sections 301(i) and 303 of the ODA, 77 P.S. §§ 1401(i), 1403. As such, the case falls within this Court's jurisdiction and special expertise. *See Wilson*, 88 A.3d at 245 (accepting transfer from Superior Court for similar reasons). *Cf. Young v. S. B. Conrad, Inc.*, 216 A.3d 267 (Pa. Super. 2019) (declining to transfer case to Commonwealth Court where resolution did not require expertise in workers' compensation law but rather the Pennsylvania Rules of Civil Procedure, with which the Superior Court was sufficiently well-versed).

### 2. The Herold exception is applicable despite the ODA savings clause

Turning to the more substantive arguments of the parties, we conclude that this Court's recent decision in *Herold* is instructive. In that case, a former employee was diagnosed with mesothelioma approximately 15 years after his last workplace exposure to asbestos. *Herold*, 291 A.3d at 493. He commenced a civil action in the court of common pleas, but the former employer filed a motion for summary judgment, challenging the court's jurisdiction. *See id.* at 493-94. The common pleas court denied the motion, and this Court accepted the employer's interlocutory appeal to consider whether jurisdiction was appropriate in the common pleas court or if it was vested properly in the Board. Upon considering the parties' arguments, many of which are similar to those asserted by McHenry and Goodyear in this case, the *Herold* Court determined that the former employee's civil action could proceed in common pleas court. *See id.* at 506.

8

Most importantly, the *Herold* Court recognized an exception to the exclusivity provision defined at Section 303 of the ODA. Generally, this provision has been interpreted to act as a forfeiture by employees of their right to pursue a common law cause of action. *See Barber*, 555 A.2d at 769. However, based upon the ODA's definition of compensable disability or death, which was limited to those instances of occupational disease that manifest within four years, the *Herold* Court recognized an exception to the exclusive remedy mandate. *See Herold*, 291 A.3d at 503-05; Section 301(c) of the ODA, 77 P.S. § 1401(c) (defining "compensable disability or death").

At this stage of the proceedings, we accept McHenry's averments indicating that his occupational disease remained latent and undiagnosed for approximately 27 years. Because this latency persisted far longer than the four-year limitations period recognized by the ODA, McHenry's occupational disease is not compensable under the ODA. At first glance, this would trigger the *Herold* exception. However, our analysis cannot end there. As noted by Goodyear, Section 301(i) of the ODA contains a savings clause that provides certain, more limited compensation for several enumerated diseases, including asbestosis. *See* 77 P.S. § 1401(i). Applying the savings clause to McHenry's case seemingly renders the *Herold* exception inapplicable. In other words, because the ODA may provide certain, albeit more limited compensation for McHenry's latent asbestosis, the savings clause could preclude a civil claim.

To avoid this, McHenry posits that the savings clause predicates compensation on an employee's total disability. *See id.* (limiting compensation to "every employe totally disabled thereby"). According to McHenry, because he voluntarily retired long before his diagnosis and because he was never "totally

9

disabled," the savings clause does not ensure his compensation. *See* Resp't's Br. at 13-14 (citing *Petrisek*).

McHenry's reliance on *Petrisek* is novel and persuasive. In that case, the claimant had worked in the coal mining industry for more than 40 years and retired in 1981. *Petrisek*, 640 A.2d at 1267. In 1985, the claimant was diagnosed with coal workers' pneumoconiosis. *Id.* In 1988, at the age of 68, the claimant petitioned the Board for benefits. *Id.* Following a hearing, the Board awarded the claimant benefits under the WCA, and this Court affirmed, suggesting that a claimant's retirement status would not preclude benefits. *Id.* at 1268.

Upon further review, the Pennsylvania Supreme Court reversed. The Court observed that "disability under the [WCA] has always been synonymous with loss of earning power." *Id.* In the workers' compensation system, disability is a concept comprised of (1) medical evidence demonstrating an injury or ailment and (2) economic evidence of a claimant's inability to earn wages. *Id.* "Total disability is a specific finding and not a general designation." *Id.* at 1269. For example, a college professor with rheumatism may still be able to teach, but such medical disability in a coal miner may limit his or her ability to earn wages. *See id.* Thus, the Court concluded, a claimant who suffers a medical disability that has no effect upon his or her earning power is not entitled to benefits under the WCA. *Id.*; *see also Schmeck v. Gen. Battery Corp.*, 411 A.2d 264, 265-66 (Pa. Cmwlth. 1980) (similarly noting that disability under the ODA requires both an occupational disease and the loss of income).

In 2017, McHenry was diagnosed with asbestosis, an occupational disease. However, he retired approximately 15 years prior to this diagnosis. Additionally, we note that McHenry commenced this action when he was

approximately 80 years old, he has not worked full time in nearly 40 years, and he last worked in 2000. On these facts, which we accept as true for purposes of this disposition, and in accordance with our Supreme Court's precedent, we conclude that McHenry suffers from a medical disability that had no effect upon his earning power. *See Petrisek*, 640 A.2d at 1269. He is therefore not entitled to benefits under the ODA. *Schmeck*, 411 A.2d at 265-66; Section 301(i) of the ODA, 77 P.S. § 1401(i). Because his occupational disease is not compensable, the ODA exclusivity provision is not applicable. *See Herold*, 291 A.3d at 503-05.

### 3. The trial court need not defer to the Board's expertise

The doctrine of primary jurisdiction creates "a workable relationship" between the courts and administrative agencies. *Elkin*, 420 A.2d at 376. "[I]n appropriate circumstances, the courts can have the benefit of the agency's views on issues within the agency's competence." *Id.*; *see, e.g.*, *Weston v. Reading Co.*, 282 A.2d 714, 722-26 (Pa. 1971) (deferring to the Interstate Commerce Commission's expertise in national transportation policy because the dispute involved complex issues arising from the merger of rail carriers).

In this case, McHenry asserts that his medical diagnosis never contributed to a loss of earning power. Goodyear has not challenged this assertion. *See generally* Pet'r's Br.; Pet'r's Reply Br. While disability is a term of art that may benefit from the Board's expertise in adjudicating workers' compensation claims, absent a colorable dispute regarding the timing of McHenry's diagnosis and relevant, economic evidence that tends to establish his inability to earn wages, we discern no appreciable benefit in requiring the trial court to stay these civil proceedings and transfer the matter for an initial review by the Board. *See Herold*, 291 A.3d at 505 ("[C]ourts should not develop a dependence on administrative agencies simply

11

because a controversy implicates agency expertise.") (citing *Elkin*, 420 A.2d at 377). If, through the normal course of discovery, Goodyear can establish material issues of fact with respect to McHenry's disability, it may present those issues in a motion to the trial court to transfer the matter to the Board.

### IV. CONCLUSION

In *Herold*, this Court recognized an exception to the ODA exclusivity provision rooted in plain statutory language that limited compensable disability or death to occupational disease that manifests within four years. In this case, we expand upon that exception to hold that where a former employee's occupational disease is not compensable because it did not result in total disability such as would trigger the ODA savings clause, that former employee is not subject to the exclusive remedies defined in the ODA and may proceed with civil proceedings filed in the courts of common pleas.

Accordingly, we affirm the trial court's order and remand for further proceedings consistent with this opinion.

_____
LORI A. DUMAS, Judge

Judge Fizzano Cannon did not participate in this case.

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert and Rosemary McHenry | : | |
| | : | |
| v. | : | |
| | : | |
| The Goodyear Tire & Rubber | : | |
| Company, Air & Liquid Systems | : | |
| Corporation, Cameron International | : | |
| Corporation, Carrier Corporation, | : | |
| Certainteed Corporation, Compudyne | : | |
| Corporation, Federal-Mogul/Felt | : | |
| Products, Flowserve Corporation/ | : | |
| Durco/Duriron, Flowserve Corporation/ | : | No. 373 C.D. 2022 |
| IDP Pumps, FMC Corporation, Ford | : | |
| Motor Company, Foster Wheeler LLC, | : | |
| Gardner Denver, Inc., Genuine Parts | : | |
| Company/Napa Auto Parts, Goodrich | : | |
| Corporation, Goodyear Canada, Greene | : | |
| Tweed & Company, IMO Industries, | : | |
| Ingersoll-Rand, ITT LLC, Keystone | : | |
| Discount Tires, Metropolitan Life | : | |
| Insurance Company, The Nash | : | |
| Engineering Company, Schneider | : | |
| Electric USA, Inc., f/k/a Square D | : | |
| Company, Trane U.S., Inc., Velan | : | |
| Valve Corporation, Viking Pumps, | : | |
| Inc., Warren Pumps, Western | : | |
| Auto Supply, and Zurin Industries | : | |
| | : | |
| Appeal of: The Goodyear Tire & | : | |
| Rubber Company | : | |

# **O R D E R**

AND NOW, this 14th day of November, 2023, the order entered by the Philadelphia County Court of Common Pleas on January 20, 2022, is AFFIRMED. This matter is REMANDED for further proceedings. Jurisdiction relinquished.

_____
LORI A. DUMAS, Judge